SAVAGE v. SANDERS.

1. PLEADINGS—PRACTICE.—If a pleading appear on its face indefinite and uncertain, it is not necessary to set out in the motion to make more definite and certain the exact particulars.
2. ·IBID.—IBID.—An answer setting up, by way of counter-claim, a note, without giving its date, may be ordered amended by filling in the date upon a motion to 'require defendant to set out the note in full.
3. IBID.—A pleading setting up a note, without giving its date, is indefinite and uncertain.
4. PRACTICE in motions to make pleadings more definite and certain, indicated in *Long* v. *Hunter*, 48 S. C., 179, recommended. (*Dicta.*)

Before WITHERSPOON, J., Colleton, June, 1897. Affirmed.

Action by C. A. Savage against J. H. Sanders. From an order requiring defendant to make his answer more definite, he appeals.

*Messrs. Howell and Gruber*, for appellant, cite: *Motion must point out specific defects:* 48 S. C., 179. *Party will not be required to amend to enable adversary to demur:* 25 Fed. Rep., 373.

*Messrs. Fishburne & Murphy*, contra, cite: *Motion points out defects:* 48 S. C., 179.

March 17, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The complaint of the plaintiff alleges that defendant was indebted to him in the sum of $125.10, on account of lumber furnished. The answer did not deny the indebtedness for lumber, but set up a counter-claim in these words and figures: "For a counter-claim, 1. That on the        day of      , 18   , the plaintiff made and delivered to this defendant his certain promissory note, in writing, and thereby promised to pay to this defendant, on January 8th, after the date thereof, the sum of $126." The second paragraph alleges demand for payment, and failure and neglect to pay, and that the whole amount is

now due, "with interest at seven per cent. per annum from the day the same became payable." The demand is for judgment for said sum, "together with interest thereon at seven per cent. per annum, from the date upon which the same became payable." On the 31st March, 1897, notice was served upon the attorneys for the defendant as follows: "Please take notice, that on Monday, the 7th day of June, 1897, at 11 o'clock A. M., or as soon thereafter as counsel can be heard, the undersigned will move before his Honor, Judge Witherspoon, at his chambers in the court house at Walterboro, S. C., upon the verified complaint and answer in the above stated cause, for an order directing the defendant to make definite and certain his said answer, in that he set out in full the promissory note constituting the counter-claim of the defendant in the above cause." The parties plaintiff and defendant appeared before Judge Witherspoon, and on the 23d of June, 1897, he made the following order: "The plaintiff asks to recover judgment against the defendant on account for lumber alleged to have been sold and delivered to defendant. The defendant in his answer, by way of counter-claim, alleges that on the     day of     , 18    , the plaintiff made and delivered to defendant, for value received, his promissory note for $126, upon which the defendant seeks to obtain judgment against the plaintiff. Before replying to defendant's counter-claim, the plaintiff moves for an order requiring defendant to make definite and certain his answer, by setting forth the promissory note constituting the defendant's counter-claim. The same definiteness and certainty is required in setting up a counter-claim by the defendant as should be required of a plaintiff in setting forth his cause of action against the defendant. It is not necessary, though probably the better practice, that the note sued upon, or relied upon as a counter-claim, should be copied or fully set forth in the pleadings, but the party against whom judgment is demanded on a promissory note is entitled to know from the pleadings, if the information can be given, the date of the alleged

note. The defendant's answer omits to give either the date of the month or the year in which the alleged note was executed, set up as a counter-claim. After hearing argument of counsel, it is ordered, that the above named defendant do, within thirty days, make the counter-claim set up in his answer more definite, by setting forth the date of the promissory note set up in his counter-claim, if such information can be furnished by the defendant, and that he serve a copy of his answer, as amended, upon the plaintiff or his attorney, within said period, and that the plaintiff have ten days thereafter to serve upon the defendant or his attorney, a copy of his reply to said counter-claim." From this order of Judge Witherspoon the defendant now appeals on six grounds.

The first exception, in effect, alleges that it was error in the presiding Judge to grant the order in question, because the notice of motion to make the answer more definite and certain did not state that the answer as it stood was indefinite and uncertain. It ought to be sufficient in overruling this exception to say that an inspection of the terms of the answer, as it stood, showed that it was indefinite and uncertain, and the motion was to make those terms definite and certain.

The second exception is, in effect, that the notice of the motion failed to point out the alleged defects in the answer, and in what respect it ought to be made more definite and certain. As before remarked, the answer was included in the notice, and it was sought to make the defendant embody a copy of the promissory note in the answer. If the promissory note was copied in the pleadings, the day of the month, the month and the year would have been supplied, thereby filling up the blanks left in the answer as it was served upon the plaintiff. There was no error here.

The next exceptions, the third and fourth, in effect, allege that the Circuit Judge erred in granting the motion, by requiring that the date of the promissory note should be put in the answer, whereas the plaintiff sought by his

32—51

motion to have a copy of the note inserted in the answer. We have always supposed that the whole included all its parts, and where, as in the case of the promissory note in question, the answer had already set up the amount of the note, the payee of the note and· its maker, and that it fell due on the 8th of January after its date, but did not state when it was made or executed, that all that would be required to understand the form of the promissory note was to require such date of its execution inserted, and thus avoid the necessity of copying the entire promissory note. There was no error here.

The fifth exception complains that the Circut Judge erred in holding that the answer was so indefinite and uncertain that the precise nature of the charge or defense was not apparent. A bare examination of the answer shows that its terms were indefinite and uncertain. From an inspection, who could tell what promissory note was intended to be set up? The Circuit Judge did not err here.

The sixth exception alleges that inasmuch as Judge Witherspoon had already decided that the whole note should not be incorporated in the answer, he was in error in directing the blanks as to the date of the note to be inserted, especially as the notice of motion looked to the insertion of the entire note in the answer. This position has already been passed upon. Before closing, it is but proper to remark that the recent case of *Long* v. *Hunter*, 48 S. C., 179, in which Mr. Justice Gary laid down the principles which should govern in motions to make pleadings more definite and certain under section 181 of the Code, supports the views of Judge Witherspoon, and is in accord with our rulings here.

It is the judgment of this Court, that the order of Judge Witherspoon herein appealed from be affirmed, and it is ordered, that this case be remitted to the Circuit Court of Colleton County for further proceedings to enforce said order.