## LONG v. HUNTER.

1. MOTION—PLEADINGS—OBJECTION.—There is no rule requiring an attorney to move to have the grounds of his opponent's motion, to make a pleading more definite and certain, specifically stated, nor is he required to object to the insufficiency of such motion until opponent has finished his argument.

2. IBID.—IBID.—ORDER.—Requisites of motion to require pleadings to be made more definite and certain, and form of order thereon, stated.

Before ALDRICH, J., Hampton, March, 1896. Reversed.

Action by M. K. Long against Hunter, Pierce, and Battey, for accounting, cancellation of mortgage, and damages. The amended complaint and amended supplemental complaint were ordered stricken out because the causes of action were not stated, as required by a previous order of Judge Buchanan. From this order the plaintiff appeals.

*Messrs. A. McIver Bostick* and *W. S. Tillinghast,* for appellant, cite 11 S. C., 392.

*Mr. I. L. Tobin,* contra, cites 5 Ency. P. & P., 336.

Jan. 6, 1897.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    A motion was made in this case before his Honor, Judge Buchanan, who made the following order: "On reading and filing motion papers herein, and on motion of I. L. Tobin, Esq., defendants' attorney, it is ordered, that within twenty days after service of a copy of this order upon the plaintiff's attorney, the plaintiff serve upon the defendants' attorney a copy of the complaint, setting out each cause of action in a separate paragraph, duly numbered, and as a separate and distinct cause of action, each containing a plain and concise statement of the facts constituting such cause of action, without unnecessary repetition, and, in default of such service, that the complaint be stricken out.    In the meanwhile, let all further proceedings by the plaintiff be stayed, and the defendant be allowed twenty days after such service within which to. file his answer or demurrer to said complaint."

The grounds upon which the motion was made are not set out in the case.    Thereafter plaintiff's attorney served a copy of his complaint, styled an "amended complaint," also a copy of a supplemental complaint, styled an "amended supplemental complaint."    When his Honor, Judge Buchanan made said order, he had under consideration the original complaint, but not the supplemental complaint. The defendants' attorney made a motion before his Honor, Judge Aldrich, upon the following notice: "Take notice, that on the first day of the next ensuing term of the Court of Common Pleas for the aforesaid county, at 12 o'clock M. of said day, or as soon thereafter as counsel can be heard, the undersigned will move the presiding Judge, upon all the proceedings in this cause, to strike out the complaint in this.action, served as an amended complaint and amended supplemental complaint, under the order of Judge Buchanan, of date 19th October, 1895, on the ground that said complaint and supplemental complaint do not comply with the requirements of said order, requiring plaintiff herein to serve upon defendants' attorney a copy of the complaint,

setting out each cause of action, in a separate paragraph, duly numbered and as a separate and distinct cause of action, each containing a plain and concise statement of the facts constituting such cause of action, without unnecessary repetition, and, in default of such service, that the complaint be stricken out."

After hearing argument of counsel, his Honor, Judge Aldrich, "ordered and adjudged, that the amended complaint and amended supplemental complaint herein be, and are hereby, 'stricken out' and dismissed." The grounds upon which his Honor granted this order are therein stated. The following statement appears in said order: "The attorney for the plaintiff, in his argument, referred to the form of the notice on motion under consideration, that it was general and indefinite in its nature. The Court noticed this when the moving papers were read, but counsel for plaintiff sat still, allowed the paper to be read, and counsel for defendants to make a full and elaborate argument, in which he stated every objection to the 'amended complaint and amended supplemental complaint' in detail, and minutely. The Court noted these several objections, and made a note of same as plaintiff's argument progressed. Counsel for plaintiff made no motion at any time to require defendants to make the grounds of their motion certain or definite, and the Court concluded that plaintiff's counsel had waived their right, if any they had, to object to the form of the notice. Objections of this character should be stated promptly, and not after opposing counsel had gone into the merits, and the Court in possession of the case; under such circumstances, if the Court is able to go on and decide the issues, they should be decided. Besides, in this case, plaintiff's counsel merely alluded to this alleged defect in the notice, and, as stated, 'passed out' to a discussion upon the merits of the objections urged by counsel for defendants."

The plaintiff appealed from said orders upon various exceptions. Many of the exceptions, however, in consequence of the conslusion reached by the Court, raise only abstract

questions, and, therefore, need not be considered. His Honor, Judge Aldrich, was of opinion that plaintiff's attorney should have made a motion to require the defendants to make the grounds of their motion more certain and definite, and that objection should have been made by plaintiff's attorney to the form of the notice of motion before defendants' attorney argued upon the merits of the motion; and that his failure in these respects amounted to a waiver of objection to the insufficiency of said notice. There is no requirement of law that the plaintiff's attorney should make a motion to have the grounds of defendants' motion specifically stated; nor was it incumbent on plaintiff's attorney to object to the insufficiency of said notice until the defendants' attorney had finished his opening argument. There was, therefore, error on the part of his Honor, Judge Aldrich, in deciding that such objections were waived by plaintiff's attorney.

Having reached the conclusion that there was no waiver of objection to the insufficiency of the notice, we next proceed to consider whether said notice was sufficient in form. The following principles are deducible from the authorities: 1st. When a party gives notice of a motion to make a complaint definite and certain, the notice should specify in what particulars it should be corrected. 6 Enc. Pl. & Pr., 279: 5 Enc. Pl. & Pr., 336; 2 Wait's Pr., 487. 2d. The order granting the motion should specify in what particulars the complaint is to be amended. 6 Enc. Pl. & Pr., 279. 3d. When the order specifies in what particulars the complaint is to be amended, and there is a failure to comply with the order, the complaint may be struck out on motion. 4th. When the order fails to specify in what particulars the complaint is to be amended, and the allegations of the amended complaint are uncertain and indefinite, the proper remedy is to make a motion to make the amended complaint certain and definite, but not to strike out the amended complaint on the ground that there had not been a compliance with the order requiring, in general

terms, that the complaint be made definite and certain. The order of his Honor, Judge Aldrich, was, therefore, erroneous.

It is the judgment of this Court, that the order aforesaid be reversed.