## LENHARDT v. FRENCH.

PLEADINGS—MOTIONS TO STRIKE OUT.—RULE XX. of Circuit Court, as to noticing motions to strike out of pleadings irrelevant and redundant matter, does not apply to an answer, and a motion to strike out part of an answer is not too late, made after six terms, two mistrials, and after submitting an argument on a similar motion to a former Judge who did not rule on it, but who ordered a mistrial.

Before PURDY, J., Greenville, March, 1903. Affirmed.

Action by Richard Lenhardt and W. R. Perry, as admrs. of A. J. French, against Jesse L. French. From judgment for plaintiff, defendant appeals on the following exceptions:

"The Circuit Judge erred in striking out the second paragraph of defendant's second defense to plaintiffs' alleged cause of action for the following reasons:

"I. The motion to strike out being made upon the ground

that the allegations in said paragraph were irrelevant, the said motion should have been made within twenty days after the service of the said answer, under Rule XX. of the Circuit Court.

"II. His Honor erred in holding that 'I do not construe the rule of Court as requiring a motion of this kind to be made within twenty days after the service of the answer; such requirement applies to demurring to, or answering a complaint;' it being respectfully submitted that under said Rule XX. of the Circuit Court that motions to strike out of any pleading matter alleged to be irrelevant must be noticed within twenty days from the service thereof.

"III. Because his Honor erred in not holding that plaintiffs, by failing to give notice of the motion to strike out within twenty days from the service of the answer, had waived the right to make such motion.

"IV. Because his Honor should have held that the motion having been made at a previous trial of the cause before Judge Watts, and he having heard the motion and allowed the case to go to trial without any formal order in the matter, that such action amounted to a refusal of the motion, and was binding upon all succeeding Circuit Judges.

"V. Because the case having been upon the docket for six terms prior to this term, and having been tried three times before the notice of motion was given, the Circuit Judge should have held that the plaintiffs had waived their right to make such motion at such stage of the proceedings, and that the Court had no power under Rule XX. of the Circuit Court to grant the motion.

"VI. The Circuit Judge erred in holding that 'inasmuch as there have been several mistrials, the result of the same has been just as though there had been no trial;' whereas, he should have held that several trials of the case having been had, that the motion to strike out came too late, and that plaintiffs had waived their right to strike out any part of the said answer after having thrice gone to trial under its allegations.

"VII. Because, even if the Circuit Judge was correct in holding that the matters stated in said paragraph were irrelevant, yet as plaintiffs had failed to move to strike out said paragraph at the proper time and in the proper way, defendant had the right to introduce testimony responsive to its allegations; the Circuit Judge erred, therefore, in striking out said paragraph and refusing to allow defendant to introduce testimony responsive to the allegations of said paragraph."

*Messrs. Blythe & Blythe* and *B. M. Shuman,* for appellant. The former cite: *As to time of notice:* C. C. Rule XX.; 53 S. C., 582. *As to waiver of right to make the motion:* 6 Ency. P. & P., 283; Pom. on Rem., sec. 597. *As to admission of evidence responsive to issues raised by pleadings:* 61 S. C., 335; 60 S. C., 381; 65 S. C., 97; 63 S. C., 570.

*Mr. Jos. A. McCullough,* contra, cites: *As to construction of C. C. Rule XX.:* 5 S. C., 351; 18 S. C., 473; 42 S. C., 118; 14 S. C., 450. *As to waiver of the right to make the motion:* 6 S. C., 411. *If there be error, it is harmless:* 6 S. C., 411; 57 S. C., 404. *Court may pass over waiver of right and decide application on its merits:* 36 N. C., 4; 21 Ency. P. & P., 240.

March 24, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 20th day of February, 1890, the defendant, Jesse L. French, made his promissory note, whereby he promised, on the first day of October thereafter, to pay to A. J. French, the sum of $600 for value received, with interest at eight per cent. On this note was indorsed, on the back, the payment of $100 on the 19th November, 1895. The complaint set up these facts and demanded judgment for $600, less $100 paid on the 19th November, 1895, and interest at eight per cent. per annum,

and costs. The answer admitted the death of Mrs. A. J. French; that plaintiffs were legally appointed the administrators of her estate; and that he made the note as described in the complaint. However, he denied the payment of $100 on 19th November, 1895, or that he ever at any time made a payment of any sum whatsoever. As a second defense, he pleaded the statute of limitations, and in the second paragraph of said second defense he set out: "2. That this defendant pleaded the statute of limitations all the more willingly because (Mrs. A. J. French) plaintiff's intestate had received from the estate of her husband, Jesse French, senior, the grand-father of this defendant, at his death, which occurred in July, 1878, the sum of about $1,800, which had been bequeathed to this defendant by the said grand-father, and left with her to be turned over to the defendant at his majority, he being then a minor, and which she failed and refused to do; and that in a former action on the note, which is the subject of this action, the said sum of $1,800 was set up as a counter-claim by this defendant, and these plaintiffs pleaded the bar of the statute of limitations thereto, which said plea was sustained by the Court and said counter-claim disallowed and dismissed." This answer is dated 8th day of March, 1901. The case was placed on the docket at the March term, 1901, of the Court, and continued on defendant's motion; at the July term, 1901, a trial was had and the jury failing to agree, a mistrial was ordered; at the November term, 1901, and the March term, 1902, the case was continued; at the July term, 1902, a mistrial was ordered; but at this trial, which was before Judge Watts, the plaintiffs made a motion to strike from the answer of the defendant subdivision 2 of the second defense. While Judge Watts did not formally pass upon this motion, he refused to permit the defendant to offer any testimony on this second subdivision of the second defense. The plaintiffs gave notice of a motion to strike from the answer this second subdivision of the second defense, which was heard by Judge Purdy, who granted the motion in an order reduced to writ-

ing, and the trial again was had, when the jury rendered a verdict for the plaintiffs.

The defendant made a motion before Judge Purdy for a new trial on the ground that the Circuit Judge erred in striking from the answer the second subdivision of the defense, for the reason that the motion, not having been made for a long time after the service of the answer and after several trials had been had, the plaintiffs had waived their right to make the motion, and that the Circuit Judge had no power to grant the motion under Rule XX. of the Circuit Court. This motion was refused by Judge Purdy.

After entry of judgment on the verdict, an appeal was taken on the ground of error in striking out the second paragraph of the second defense set out in defendant's answer.

The plaintiffs gave notice that if this Court should find itself unable to sustain the rulings of Judge Purdy, that Judge Purdy's ruling can be sustained, because Rule XXI. of the Circuit Court and the provisions of the Code as to redundant and irrelevant matter in the pleadings refer only to redundant and irrelevant facts; that inasmuch as the matter stricken out by Judge Purdy did not contain a statement of fact, but purports to give a reason of the defendant's pleading the statute of limitations, said rule of Court had no application thereto. That in that event the Court was right in excluding testimony offered in support thereof, and the error, if any, was harmless.

We will now pass upon the questions raised by the appellant. Rule XX. of the Circuit Court does not, as it strikes us, govern in this matter. The language of that rule is as follows: "Motions to strike out of any pleadings matter alleged to be irrelevant or redundant, and motions to correct a pleading on the ground of its being 'so indefinite or uncertain that the precise nature of the charge or defense is not apparent,' must be noticed before demurring or answering the pleadings and within twenty days from the service thereof." Here this language shows that the object of the rule is to require any objection to the pleadings to be made

before the pleading in reply to the same, so that the subsequent pleading may conform to the true condition of the pleading before answering or demurring. Just as was held by this Court in the case of *Whaley* v. *Lawton*, 53 S. C., 582, 31 S. E., 660. In the case just cited, an answer was delayed by agreement, but the notice was not given in the twenty days following the service of the complaint. In our judgment, the two cases of *Cohrs* v. *Fraser*, 5 S. C., at 351, and *Nichols* v. *Briggs*, 18 S. C., 479, control this case; for in the case just cited, *Cohrs* v. *Fraser, supra,* the motion was not made for about seven months after the pleading against which the motion to strike out was made. Indeed, the Court in that case held that this rule of Court did not apply. So, also, in the second case, *Nicholls* v. *Briggs, supra,* this Court held that the motion could be made at the trial. Although several attempts at a trial were had, resulting in mistrials in the case at bar, what in law was the trial of the cause was that at which a verdict was rendered, and here the motion to strike out the irrelevant matter from the answer was made upon motion before the trial was begun. An inspection of alleged irrelevant matter set out in second subdivision of the second defense of the answer was only an excuse or an apology for this matter in the answer. It could not affect the merits of the plea of the statute of limitations, which upon the pleadings depended upon the payment of $100 alleged to have been made in November, 1895.

We agree with the Circuit Judge when he passed his order striking out of the answer this subdivision 2 of the second defense, and also in refusing to grant a new trial on that account. This is the only ground of objection. No request for a continuance on the ground of surprise was made by the defendant in the Court below. The seven reasons of the appellant why the Circuit Judge was in error will appear in the report of the case, but in the abundance of caution we will examine each one.

1. We have just held that Rule XX. did not govern this case. So the reason fails.

2. We have already held that the Circuit Judge committed no error in holding that Rule XX. did not govern this appeal.

3. So, also, if Rule XX. did not govern this motion, the twenty days in such rule prescribed could not obtain.

4. We do not construe Judge Watts' action on this motion, when submitted to him at a previous term of Court, as a refusal of this motion. Neither side of the controversy called his attention to the fact that he had not ruled on the motion. But it is a very significant fact that Judge Watts refused to allow any testimony to be offered as to second subdivision of the second defense. This fact is admitted in the record.

5. The fact of the action being kept on the docket of the Circuit Court for six terms, while this motion was not made, shows culpable delay on the part of the plaintiffs as to the notice of their motion, but did not destroy their right to make this motion before actual trial.

6. We have just held that the Circuit Judge was not in error in holding that the right to this motion was not waived in not having presented it earlier.

7. We do not conceive that the defendant-appellant had any right to introduce testimony in support of this irrelevant matter which had been stricken from the answer.

Lastly, holding as we do, there is no necessity for us to resort to any other matters to support the judgment.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.