## KAYLOR v. HILLER.

1. DEFAULT—DISCRETION—CALENDAR.—AN ORDER permitting a party to file an answer after default of leave to answer upon conditions by a preceding Circuit Judge is an administrative order and within the discretion of the succeeding Judge to modify by permitting an answer to be filed after second default; that case is on Calendar 3 after second default does not affect it.

   *Brown* v. *Easterling*, 59 S. C., 479, *distinguished from this.*

2. ANSWER—IBID.—TRUSTEE.—It is clearly within the discretion of the Court of its own motion to require a trustee to answer for the protection of his *cestui que trustent.*

Before PURDY, J., Richland, December, 1904.   Affirmed.

Action by Felicita Rosetta Kaylor *et al.* against Louis Paul Hiller *et al.*   From order permitting defendant to answer after default, plaintiffs appeal.

*Messrs. DePass & DePass* and *D. W. Robinson*, for appellants, cite: *Judge Purdy did not have right to allow this*

28—72

*answer to be filed after expiration of time allowed by Judge
Watts:* 59 S. C., 478; 16 S. C., 115; 28 S. C., 570. *Order
not administrative:* 43 S. C., 190; 66 S. C., 459; 53 S. C.,
231; 39 S. C., 456; 69 S. C., 198; 30 S. C., 458; 31 S. C.,
432. *Rights of cestui que trustent not parties cannot be
effected by judgment herein:* 25 S. C., 39; 22 S. C., 328;
59 S. C., 507; 40 S. C., 25; 39 S. C., 145. *As to Judge
bringing in parties on his own motion:* 7 S. C., 240.

*Messrs. W. S. Monteith* and *Thomas & Thomas,* contra,
cite: *This order is administrative:* 1 Rich. Eq., 385; 58 S.
C., 129; 43 S. C., 264; 49 S. C., 423; 52 S. C., 461; 24
Ency., 2 ed., 819; 14 S. C., 621; 30 S. C., 451; 31 S. C.,
431; 59 S. C., 472. *Doctrine of res judicata does not apply
to interlocutory motions:* 14 Ency. P. & P., 176; 101 N. C.,
496. *Granting motion to open default judgment is discre-
tionary and not appealable:* 55 S. C., 465; 56 S. C., 28, 12;
16 S. C., 348; 22 S. C., 432; 4 Rich. Eq., 88; 6 Ency. P. &
P., 149. *Parties may be brought in by Court:* 32 S. C., 601.

October 7, 1905. The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES. In this action to recover possession
of real estate, the defendant failed to answer the complaint
within twenty days after service of summons, and moved
Judge Watts for leave to file an answer. Judge Watts, by
an order, dated July 7, 1904, allowed defendants to file their
answer within twenty days thereafter, upon payment to
plaintiff of ten dollars. The defendants failed to comply
with this order. They then, on November 18, 1904, served
notice of a motion to be made November 21, 1904, before
Judge Purdy, for leave to file answer. When the motion
was called, three days after notice, upon objection of plain-
tiff's counsel to hearing the same for want of proper notice,
the Court of its own motion set November 24, 1904, as the
day for hearing, over objection of plaintiff's attorneys. The
motion was heard on that day and an order was granted by

Judge Purdy allowing defendants to answer within five days, upon the same terms as imposed by the order of Judge Watts. In this order Judge Purdy on his own motion required Louis Paul Hiller, who was made defendant, both in his individual capacity and as trustee, to also file answer as such trustee. The plaintiffs in their appeal from this order present three questions: (1) Whether sufficient notice of the motion before Judge Purdy had been given. (2) Whether Judge Purdy had the right to allow answer to be filed after the expiration of the time fixed in the order of Judge Watts. (3) Whether Judge Purdy erred in ordering Louis Paul Hiller to file answer as trustee, on his own motion.

1. The exception as to want of sufficient notice was not alluded to in argument, and for that reason should probably be deemed abandoned. Appellants, however, have no ground for complaint, as the motion was not heard until six days after the notice thereof, when four days notice was sufficient.

2. We think Judge Purdy had the right to allow defendants to file answer after the expiration of the time fixed in the order of Judge Watts. The order of Judge Watts belongs to the class of administrative orders as distinguished from final orders. The order does not involve the merits and makes no determination which would authorize plaintiffs to have judgment against defendants; hence cases along the line of *Brown* v. *Easterling*, 59 S. C., 479, 38 S. E., 118, do not apply. That case held that a succeeding Circuit Judge has no power to permit the plaintiff to serve an amended complaint after expiration of the time prescribed therefor, in an order sustaining the demurrer to the complaint and granting leave to serve an amended complaint. The judgment on demurrer was a determination of the merits and authorized dismissal of the complaint, upon failure to comply with the terms offered. For the same reason it is held that an order requiring security for costs to be filed by a day stated, or in default thereof that the plaintiff be nonsuited, cannot be reviewed or reversed

by a succeeding Circuit Court. *Bomar* v. *R. R. Co.*, 30 S. C., 458, 9 S. E., 512; *Cummings* v. *Wingo*, 31 S. C., 432, 10 S. E., 107, the ruling resting upon the ground that the judgment of nonsuit became final upon failure to comply with the alternative. But in the present case the order authorized no judgment to be rendered in favor of plaintiffs upon failure to answer within the time prescribed. Indeed, as the action was to recover real estate, it falls within that class of cases, although there is default of answer, wherein the "relief to be afforded plaintiff shall be ascertained by the verdict of a jury, etc.," as provided in sec. 267, Code of Civil Procedure.

The fact that the case was left docketed on Calendar 3, upon failure to comply with Judge Watts' order, is not a material circumstance, as such docketing could not unalterably fix the status of the case. A succeeding Circuit Judge may cause a case to be placed upon its appropriate calendar, as the docketing of a case appertains to the orderly conduct of the business of the Court, and takes the place of notice of trial. *Bank* v. *Thompson*, 46 S. C., 499, 24 S. E., 334. The order of Judge Watts being administrative instead of final, it was such an order as Judge Purdy in his discretion could modify.

3. No reason appears for disturbing the order of Judge Purdy in requiring, on his own motion, that defendant, Louis Paul Hiller, should answer in his capacity as trustee. The plaintiff made him a party as trustee, and alleged in the complaint that he is interested in the subject of the action as trustee. Under this allegation, a trustee seems to be a proper and necessary party to the complete determination of the controversy, and it was clearly within the discretion of the Court to require the trustee to answer for the protection of the *cestui que trustent.*

The judgment of the Circuit Court is affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*