PARIS MOUNTAIN WATER CO. v. WOODSIDE, COUNTY TREASURER

PARIS MOUNTAIN WATER CO. v. FOSTER, COUNTY TREASURER

(120 S. E., 845)

TRIAL—STRIKING CASE FROM DOCKET FOR WANT OF PROSECUTION HELD ERROR.—Where a case had been on the docket for thirty-eight terms, but had been continued from time to time by consent, sometimes for plaintiff's convenience and sometimes for defendant's convenience, and the record did not show that defendant had ever demanded a trial, striking the case from the docket for want of presecution *held* error.

Before HENRY, J., Greenville, April, 1923. Reversed and remanded with leave to plaintiff to take an order restoring case to the docket.

Separate action by Paris Mountain Water Co. against James H. Woodside as County Treasurer of Greenville County and against J. A. Foster as County Treasurer of Greenville County. From an order striking one of the cases from the docket plaintiff appeals.

*Messrs. Martin & Blythe,* for appellant, cite: Section 335, Code Proc., 1912 Construed; 97 S. C., 214. *It is impossible to adopt any particular length of time which would*

*justify the Court in declaraing an action abandoned:* 97
S. C., 216; 21 S. C., 143; 23 S. C., 149.

*Mr. Samuel M. Wolfe, Attorney General,* for respondent:
*What amounts to a discontinuation of a suit brought:* 97
S. C., 214; 2 Bay 414.

January 14, 1924.

The opinion of the Court was delivered by Mr. Justice
Fraser.

The record shows:

"These were two actions instituted for and in behalf of the
Paris Mountain Water Company, a corporation, as plaintiff,
in the County of Greenville, for the recovery of certain taxes
alleged to have been improperly and illegally assessed by
virtue of erroneous classification by the County and State
assessing authorities; it being alleged on the part of the plain-
tiff that its property, consisting of lands, reservoirs, mains,
pipes, standpipes, rights of way, easements, franchises, etc.,
constituted 'real estate,' and by virtue of a constitutional pro-
vision for four-year reassessment periods, said property was
susceptible and entitled to reassessment as such and not in
the interim.

"The action against Jas. H. Woodside, as County Treas-
urer, was instituted in behalf of the plaintiff by Messrs. Coth-
ran, Dean & Cothran, plaintiff's attorneys, by complaint and
summons dated January 28, 1913. The complaint was
served on the defendant, Woodside, as County Treasurer
of Greenville County, on the same day. In this action it
was sought to recover the excess of taxes alleged to have been
improperly assessed for the year 1912, in the aggregate of
$5,623.50.

"An action similar in all respects was instituted against
the successor of the said Jas. H. Woodside, to wit, J. A.
Foster, as County Treasurer, by summons and complaint
dated January 28, 1914, by Cothran, Dean & Cothran, attor-

neys for the plaintiff, for alleged excess taxes for the year 1913, in the aggregate of $6,151.38.

"By stipulation between the said attorneys for the plaintiff, Messrs. Cothran, Dean & Cothran, and the Attorney General, Hon. Thos. H. Peeples, for the State, representing the defendants, Treasurers as aforesaid, it was agreed that the first-mentioned case be prosecuted as a test case, and that both cases should depend upon the outcome of this test case. In the circumstances, therefore, an answer was interposed for and in behalf of Jas. H. Woodside, putting in issue the allegations of the complaint as to the improper assessment and excessive and unjust taxation against the plaintiff's property, and alleged, by way of defense, that the assessments and classifications were based upon returns of the plaintiff company itself, and that no reassessment or charge in valuation was made upon any property belonging to the plaintiff, classified or returned as realty, contrary to the constitutional provision, as alleged by the plaintiff.

"This answer was served, and acceptance of service was noted in due time after the service of the complaint.

"That, under date of April 4, 1913, Messrs. Cothran, Dean & Cothran, as plaintiff's attorneys, secured from the Attornay General consent for an order of reference in the case of *Paris Mountain Water Company v. Jas. H. Woodside,* as County Treasurer.

"No further steps were taken in the case, pro or con, and the case lay dormant and in abeyance until just prior to April term of the Court of Common Pleas in 1920, when at a meeting of the Greenville bar the case was stricken from the calendar with leave to restore. No further action was taken by the attorneys of record, Messrs. Cothran, Dean & Cothran, but on June 3, 1921, it was brought to the attention of the office of the attorney General by Messrs. Martin & Blythe, of Greenville, representing that they were in charge of the two cases."

The Attorney General, in hebalf of the defendant, moved to strike the case from the docket for want of prosecution. The motion was granted, and from the order striking the case from the docket the plaintiff appealed.   This was error. It is true that the case had been on the docket for thirty-eight terms, but it had been continued from time to time by consent; sometimes for the convenience of the plaintiff, and sometimes for the convenience of the defendant.   The record does not show that the defendant had ever demanded a trial.   The case was stricken from the docket "with leave to restore" only a few days after the expiration of a year from the time it was stricken from the docket.   It is true that some evidence had been destroyed by fire in the meantime, but there is nothing to show that such a thing was likely to occur, and there is no intimation that the plaintiff was in any way responsible for the fire.

The order striking the case from the docket is reversed, and the case is remanded to the Circuit Court, with leave to the appellant to take an order restoring the case to the docket.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN disqualified.

MR. JUSTICE MARION: I dissent.   I think the evidential showing was amply sufficient to warrant the finding of fact upon which the Circuit Judge's order was based.   In that case his order should not be disturbed except for manifest abuse of discretion, which has not been made to appear in this case.