## 11711

### McLEOD v. AMERICAN PUBLISHING CO.

#### (127 S. E., 212)

1. PLEADING—WHEN COMPLAINT OR ANSWER IS ORDERED AMENDED, FAILURE TO COMPLY IS FATAL.—When complaint or answer is ordered to be amended, failure to comply with order is fatal to pleading.

2. PLEADING—STRIKING OF WHOLE DEFENSE HELD UNWARRANTED FOR FAILURE TO COMPLY WITH ORDER REQUIRING ONE PARAGRAPH TO BE MADE MORE DEFINITE AND CERTAIN.—Where defendants were ordered to make more definite and certain two paragraphs of answer stating certain defense, but complied with such order only as to one paragraph, *held,* paragraph, as to which there was no compliance should be stricken, but that striking of whole defense was unwarranted.

Before JOHNSON, J., Charleston, April, 1924. Order reversed, and portion of defense ordered stricken out.

Action by B. Frank McLeod against the American Publishing Company and John P. Grace. From order striking out one of defenses set up in answer, defendant appeals.

*Messrs. Logan & Grace* and *John I. Cosgrove* for appellant.

*Messrs. Whaley, Barnwell & Grimball* and *Thomas P. Stoney,* for respondent, cite: *Right to set out details of the evidence relied on in justification was decided on former appeal and governs this case:* 35 S. C., 273; 16 S. C., 362; 14 S. C., 324; 94 S. E., 530; 65 S. C., 409. *Order after affirmance by Supreme Court could not be altered or modified:* 59 S. C., 472; 89 S. C., 582. *Motion to strike was addressed to the discretion of the Court:* 19 S. C., 598; 89 S. C., 198. *What is the limit of such exercise of discretion?* 48 S. C., 179; 51 S. C., 499; 32 N. Y. S., 355; 2 Ohio, Dec., 331; 9 Wheat, 738; 31 S. C., 593; 18 S. C., 305; 47 S. C., 499; 93 S. E., 243. *Disobedience to order is contempt of Court, however improvidently issued:* 49 S. C., 199.

March 6, 1925.

The opinion of the Court was delivered by Mr. Acting Associate Justice W. C. Cothran.

The plaintiff in this case seeks to recover damages from the defendants for an alleged libel, the various matters charged as being libelous being many and being set out in full in the complaint, setting forth their defenses in full to the various allegations.

The defendants duly answered the complaint.

A notice was later served upon the attorneys for the defendants that a motion would be made to strike out certain allegations of the answers and to cause other allegations to be made more definite and certain. The order of the Circuit Judge was duly made, and from this order an appeal was taken to this Court. The order was reversed as to certain allegations being stricken out, but was affirmed as to

making the answers more definite and certain in two particulars.  See 120 S. C., 70.

Amended answers were then served by the defendants, but not strictly complying with the affirmed portion of the previous order.  The attorneys for the plaintiff refused to accept service of the answers and gave notice of a motion to strike out the answers and for judgment by default.

The answers contained five separate defenses to the complaint, and the two particulars in which the answers were ordered to be made more definite and certain were in the second defense.  The answers complied with the judgment of the Court in one allegation, but did not in the other. One allegation was made more certain in the particulars required, but the other one was not.

Upon hearing the motion the trial Judge ordered that the whole of the second defense be stricken out, and from that order this appeal is taken.

The sixth paragraph of the second defense was the one not pleaded in conformity with the judgment of this Court.  It cannot be denied that when a complaint or answer is ordered to be amended a failure to comply with the order is fatal to the pleading.  See *Hunter v. Long,* 48 S. C., 179; 26 S. E., 228, approved in *Savage v. Sanders,* 51 S. C., 498; 29 S. E., 248.  These cases, however, refer to the entire pleading, and not to certain defenses or paragraphs of defenses.  Each paragraph of the answer endeavored to reply to the various alleged libelous statements set out in the complaint and by exhibits.  The defendants claim that instead of complying with the order of the Court to make the sixth paragraph of the second defense more definite and certain, they have abandoned that defense.  It appears by the amended answers that there was no abandonment and that there was certainly a noncompliance with the order.  For failure to comply with the order of the Court, this paragraph is stricken out of the answers.

It is urged, however, that the entire second defense should be stricken out and that the order of the trial Judge be affirmed. In this view of the case we are unable to agree. The defendants complied with a portion of the order, and the trial Judge allowed them no credit for obeying as much of the order as they did. In the peculiar state of the pleadings in this case where many allegations or instances of alleged libel were set forth and each was specifically answered, we are of opinion that the defendants should only suffer the penalty attached to their disobedience of the order of the Court.

The order of the Circuit Judge is reversed, and only the sixth paragraph of the second defense set forth in the answers is hereby ordered stricken out.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.