## 14022

### WHITE v. HARBY ET AL.

(179 S. E., 671)

*Messrs. Melton & Belser*, for appellant, cite: *As to order dismissing complaint:*

*Messrs. Epps & Epps* and *R. O. Purdy,* for respondents,

March 21, 1935.

The opinion of the Court was delivered by MR. C. J. RAMAGE, ACTING ASSOCIATE JUSTICE.

In the opinion of Mr. Justice Carter the facts, orders, and motions are so clearly set out that it is useless to rehearse them here. After much study and deliberation, I am reluctantly forced to the conclusion that Judge Mann was in error in this case, and that the Court ought to reverse his order.

It is observed that no time limit is fixed in the order of Judge Dennis. If respondents wished a time limit fixed in his order, no doubt Judge Dennis would have inserted it in the first instance, or would have refused to have done this.

If at any time afterwards respondents desired a time limit to be fixed, a subsequent motion could have been made by them for the fixing of such a time limit.

The entire purpose and aim of our Code of Civil Procedure is to liberalize pleadings and practice, to promote justice and prevent snap judgments of any kind, to the end that every man shall have his day in Court and not be thrown out of Court by mere whim and caprice.

Respondents take the position that the filing of a pleading comes under the head of "performing a condition." Justice Carter has already quoted Rule 62 in his opinion, and it is unnecessary to repeat it here. The ordinary meaning of performing a condition is where some act is required to be done preliminary to the vesting of some right or estate or the obtaining of some benefit. In other words, if a party performs A then B will come into existence.

Bouvier defines a condition as follows:

"A qualification, restriction, or limitation modifying or destroying the original act with which it is connected.

"A clause in a contract or agreement which has for its object to suspend, rescind, or modify the principal obligation or in a case of a will to suspend, revoke or modify the devise or bequest."

Funk and Wagnall defines condition as follows:

"An event, fact, or the like that is necessary to the occurrence of some other, though not its cause; a prerequisite."

An examination of the order of Judge Dennis shows that nothing is hinged or dependent on the filing of the amended complaint. There is no other event made dependent on the filing of the order of Judge Dennis. He merely directed the amendment of the complaint, but did not attach any other contingency upon this, and the filing of a complaint would not be the performance of a condition in the sense contemplated in the rule of Court above quoted.

In the circumstances in the instant case, it is apparent that it was not intended to be complied with within twenty days for the reason that the original

complaint itself had alleged, and showed, that a suit was about to be instituted for the purpose of substituting a new trustee for the funds in which the appellant here in her individual capacity had only a life interest, with remainder to other parties, and of course it was obvious that if the objection on this score was made by the defendants, it would be necessary to bring suit in the name of such substituted trustee. *Fant v. Brissey,* 150 S. C., 15, 147 S. E., 632.

Hence, the order in the case at bar must be construed as having provided in effect that the amended complaint need not be served until after the completion of the proceedings for the substitution of the new trustee upon the theory that the law will not order the doing of a vain or futile thing or act. For this reason also the rule has no application to the order in the case at bar.

*Brown v. Easterling,* 59 S. C., 472, 38 S. E., 118, cannot be applied as an authority governing this case. In that case it appeared that after the case had been put on the roster in regular order and called to trial, an oral demurrer thereto was sustained and the plaintiff therein was permitted, if so advised, to serve an amended complaint within twenty days, the order expressly requiring plaintiff to serve the amended complaint within twenty days. The plaintiff having failed to serve the amended complaint within the twenty days as required, Judge Hudson, a succeeding Judge, allowed the service of the amended complaint after the time limited, and this action of Judge Hudson was reversed on appeal to this Court, upon the ground particularly that the order sustaining the demurrer with leave to file an amended complaint, was a final order and could only be modified by the Judge who made it.

The case of *Kaylor v. Hiller,* 72 S. C., 433, 52 S. E., 120, 121, illustrates the true rule on this subject and throws a strong light upon it. In that case Judge Purdy allowed the defendant to file an answer after the expiration of the time fixed in the order of Judge Watts, and it was objected

that under the case of *Brown v. Easterling, supra,* Judge Purdy had no right to make the order.

This Court did not agree with the contention that Judge Purdy was wrong, and pointed out that the order of Judge Watts was merely an administrative one, and was not a final order as was the case in *Brown v. Easterling,* using the following language: "The order of Judge Watts belongs to the class of administrative orders as distinguished from final orders. The order does not involve the merits and makes no determination which would authorize plaintiffs to have judgment against defendants; hence cases along the line of *Brown v. Easterling,* 59 S. C. [472], 479, 38 S. E., 118, do not apply. That case held that a succeeding Circuit Judge has no power to permit the plaintiff to serve an amended complaint after expiration of the time prescribed therefor, in an order sustaining the demurrer to the complaint and granting leave to serve an amended complaint. The judgment on demurrer was a determination of the merits and authorized dismissal of the complaint, upon failure to comply with the terms offered. * * * The order of Judge Watts being administrative instead of final, it was such an order as Judge Purdy in his discretion could modify."

Judge Dennis closes his order with these words: "After service of the complaint so amended, the defendants shall have twenty days within which to reply, demur, or otherwise plead thereto." This shows that it was not contemplated that the complaint should be served within twenty days, for the reason that a time limit was placed on any pleadings subsequent to the complaint. The fact that a time limit was placed on the defendants and none was placed on the plaintiff would lead to the fair inference that none was intended. *Expressio unius est exclusio alterius.*

The same principle was applied in a case which held that because the statute did not, in terms, mention an answer that the provision of the statute that a motion to make a complaint more definite and certain must be made within twenty

days, such motion to make an answer more definite and certain might be made after the twenty days. *Lenhardt v. French,* 68 S. C., 297, 47 S. E., 382.

This absence of any time limitation is extremely significant and is really of a conclusive nature. I may add, parenthetically, that I see nothing in the position of respondent that only one cause of action has been set out instead of four; if appellant voluntarily dismissed three causes of action, it is not clear, to say the least of it, how respondents have been hurt.

I shall next consider some cases on the question of delay in the prosecution of actions. I begin with the case of *Paris Mountain Water Company v. Woodside,* 127 S. C., 248, 120 S. E., 845, in which the suit in question was commenced on January 28, 1913. A consent order of reference was obtained on April 4, 1913, and no further steps therein were taken and the case lay dormant until just prior to the April term of Court in Greenville County in 1920 when the case was stricken from the calendar with leave to restore, and no further action was taken until June 3, 1921. Thereupon a motion was made by the Attorney General to strike the case from the docket for want of prosecution and the motion was granted. This was reversed by the Court in an opinion from which the following quotation is made: "It is true that the case had been on the docket for thirty-eight terms, but it had been continued from time to time by consent; sometimes for the convenience of the plaintiff, and sometimes for the convenience of the defendant. The record does not show that the defendant had ever demanded a trial. The case was stricken from the docket 'with leave to restore' only a few days after the expiration of a year from the time it was stricken from the docket. It is true that some evidence had been destroyed by fire in the meantime, but there is nothing to show that such a thing was likely to occur, and there is no intimation that the plaintiff was in any way responsible for the fire."

A striking case on this subject is that of *Hagood v. Riley,* 21 S. C., 143. There, after the complaint was filed and the answer made, nothing more was done by either party for ten years. Plaintiff thereupon gave defendant notice that he would press for trial at the ensuing term of Court, and defendant countered a notice of a motion to strike the case from the calendar, upon the ground that the action had abated by reason of plaintiff's neglect and laches. The trial Court, upon this showing, ruled that the plaintiff was out of Court and gave judgment for dismissal. Upon appeal to this Court, the above-mentioned section of the Code, which was then numbered 296, was considered, the Court holding that this delay on the part of the plaintiff in the prosecution of the action did not have the effect of putting the plaintiff out of Court and reversed the order for the dismissal of the complaint. The Court said: "Nor does failure by plaintiff to proceed after docketing his cause, or after service of summons on the defendant, of necessity have this effect of putting the plaintiff out of Court, under Section 296. That section only provides that the Court may dismiss the complaint in case of unreasonable neglect to have the summons served on all of the parties, or to proceed against those served."

There are also many other cases which clearly show the reluctance of this Court to dismiss any cause of action without giving the parties the right of trial. See *Leonard v. Peoples Tobacco Warehouse Co.,* 128 S. C., 155, 122 S. E., 678; *Cusack v. Southern Railway Co.,* 116 S. C., 143, 107 S. E., 30; *DuPre v. Tilghman Lumber Co.,* 114 S. C., 269, 103 S. E., 526; *Ex Parte Baker,* 67 S. C., 74, 45 S. E., 143; *McAuley v. Orr,* 97 S. C., 214, 81 S. E., 489; *Thomas v. MacNeill,* 138 S. C., 86, 135 S. E., 643; *Stribling v. Fretwell,* 157 S. C., 297, 154 S. E., 415.

I note with some degree of interest the abrogation of the rules prevailing under the old practice prior to the adoption of the Code allowing for the dismissal of the case if not

docketed within a year and day, and if not pressed for trial at the fourth call of the docket. *Monro v. Laurens,* 1 Mc-Millan, 442.

The time generally required by our Courts to justify the dismissal of a suit, judging from the cases, for want of prosecution, is not the same as the ordinary statute of limitations. The equitable principle of laches as has often been held by our Courts is in effect an equitable statute of limitation. See *Wagner v. Sanders,* 62 S. C., 73, 39 S. E., 950; *Green v. Green,* 56 S. C., 193, 34 S. E., 249, 46 L. R. A., 525; *McGee v. Hall,* 26 S. C., 179, 1 S. E., 711, 717; *Brock v. Kirkpatrick,* 72 S. C., 491, 503, 52 S. E., 592.

Chief Justice Simpson says in *McGee v. Hall,* above cited; "Laches may be regarded as an equitable statute of limitations, and and is applied to equity causes in analogy to legal statutes applied to causes at law. And generally, when a party would not be barred at law, he would not be barred in equity."

These words are quoted with approval in *Brock v. Kirkpatrick, supra.*

As to the suggestion in his order, in which Judge Mann held that the delay in the trial of the cause places the defendants under a cloud, does not in my judgment state any sufficient legal reason in the absence of other reasons.

As to the suggestion that a number of the defendants are advanced in years, it would seem that a sufficient answer thereto is that our Code contains an express provision (Section 706) for the perpetuation of testimony of witnesses who may be aged or infirm.

Moreover, this Court has already expressly held that this right of action survives even against a deceased person and even the death of a party is no defense. See *Winn v. Harby,* 171 S. C., 301, 172 S. E., 135. Certainly, the condition of some of the defendants should not in anywise be allowed to affect the rights of the appellants against the others.

I have already discussed Judge Mann's conclusion that the amended complaint should have been served within a reasonable time and that such reasonable time would have been twenty days, and held that he was in error in so holding.

Also it was stated in the affidavit of the counsel for the plaintiff that he was, throughout this period, absorbed in the handling of several long, complicated and important rate cases, one against the Broad River Power Company, one against the Carolina Power & Light Company, and another against the Southern Bell Telephone & Telegraph Company, and that all of these cases reached this Court during the spring and summer of 1933; and while I have held that Judge Mann did not have authority to dismiss the summons and complaint and was thus in error in so doing, yet even if he had had such authority, under the facts and circumstances of this case, his action would have been an abuse of discretion to such an extent as amounted to an error of law.

Section 820 of our Code shows the liberal spirit of our present day jurisprudence, and is as follows: "Enlarging Time for Proceedings in an Action.— The time within which any proceeding in an action must be had, after its commencement, except the time within which an appeal must be taken, may be enlarged, upon an affidavit showing grounds thereof, by a judge of the Circuit Court. The affidavit, or a copy thereof, must be served with a copy of the order, or the order may be disregarded."

The liberality of the Courts in regard to such matters, and their reluctance to deprive one of his right of action without an opportunity for his day in Court, is also illustrated by the many cases holding that a voluntary nonsuit may be allowed at almost any time before trial within discretion of the presiding Judge. *Armitage v. Seaboard Air Line Ry. Co.,* 166 S. C., 21, 164 S. E., 169.

This opinion being concurred in by a majority of the Justices, it becomes the judgment of the Court, which is that the order appealed from is reversed.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.

MR. JUSTICE CARTER dissents.

MR. JUSTICE CARTER (dissenting) : As a statement of this case I adopt the agreed statement of counsel set forth in the transcript of record as follows:

"This action which was for the recovery of judgment against certain of the defendants, former directors of the Sumter Trust Company, for the mishandling of trust funds, and also against the Receivers of the Peoples State Bank of South Carolina which had been appointed trustee of the trust funds involved, was commenced in July, 1932. The complaint contained two causes of action.

"Thereafter on or about July 29, 1932, the attorneys for the defendants other than the Peoples State Bank of South Carolina and the Receivers served upon the plaintiff's attorneys notice of a motion to require separate statement of the alleged causes of action which were said to be jumbled in each of the causes of action contained in the complaint, it being claimed that each of the said causes of action contained (1) a cause of action for the recovery of funds in which the plaintiff only had a beneficiary interest and also (2) a cause of action in which the plaintiff was interested individually.

"The defendants, Receivers for the Peoples State Bank, filed an answer admitting that it had been appointed as substituted trustee for Elizabeth White and asserting its readiness and willingness to account for the assets in its hands.

"The motion of the defendant-directors to require the complaint to separately state the alleged cause of action by agreement came on to be heard before Judge Dennis, Presiding Judge, at Sumter, S. C., and was heard by him on or

about October 26, 1932. As a result of this hearing Judge Dennis passed an order dated October 26, 1932, granting the motion and directing the complaint to be amended accordingly, but without specifying any time within which the said amended complaint should be served. Copy of this order was duly served upon plaintiff's attorneys. (There was no appeal from this order.)

"The proceedings for the removal of the Peoples State Bank as Trustee of the fund involved, which were referred to in the complaint herein, was carried through in the Court of Common Pleas for Sumter County and a final decree rendered therein on November 2, 1932, which was duly filed in the office of the Clerk of Court for Sumter County on November 17, 1932, appointing the plaintiff Elizabeth White as trustee of the trust funds referred to in the complaint. The bond executed by the plaintiff as trustee therein required was dated on the 18th day of November, 1932, and was filed in the office of the Judge of Probate for Sumter County on the 18th day of November, 1932.

"Thereafter on or about the  *  *  *  day of September, 1933, the attorneys on behalf of the defendant-directors served the plaintiff's attorneys with notice of motion to dismiss the complaint upon the ground that the plaintiff had failed to serve the amended complaint as required by Judge Dennis' order of October 26, 1932, this notice of motion being accompanied by an affidavit signed by R. D. Epps, one of the counsel for the said defendants.

"On September 30, 1933, plaintiff's counsel prepared and sent to the said defendants' attorneys by letter dated September 30, 1933, an amended complaint amended as stated pursuant to Judge Dennis' order, of which however said defendants' counsel declined to accept service at the time pending the final disposition of their motion to dismiss the said complaint.

"This motion thereafter came on to be heard before Judge M. M. Mann, presiding Judge, at Sumter, S. C., on Oc-

tober 17, 1933. At this hearing there was filed an affidavit by Irvine F. Belser, one of the counsel for the plaintiff. As a result of this hearing Judge Mann passed an order which was duly filed granting the defendants' motion to dismiss the complaint. Copy of this order was duly served upon plaintiff's counsel.

"Thereafter and within due time notice of intention to appeal from the said order of Judge Mann dated October 17, 1933, dismissing the summons and complaint, was served upon the attorneys for the said defendants, and this case now comes before this Court upon the appeal from the said order upon exceptions hereinafter stated."

The notice served by counsel for the defendants, referred to above, asking for an order requiring the complaint to be made more definite and certain, reads as follows:

"To Messrs. Melton & Belser, Plaintiff's Attorneys:

"You are Hereby Notified that the defendants, except the Bank and the Receivers, will move before His Honor Judge Philip H. Stoll, at his Chambers at Kingstree, S. C., at ten o'clock A. M. on Friday, August 5th, 1932, or as soon thereafter as counsel can be heard, for an order requiring you to make your complaint in the above stated cause more definite and certain in the following particulars:

"I. To state separately the two causes of action which are jumbled in the first cause of action, to wit:

"(a) A cause of action against the defendants for the alleged mishandling and loss of a fund in which the plaintiff had only a beneficial interest for life, with remainder or reversion to other parties, and for which it is not shown that she is the proper custodian.

"(b) A cause of action against the defendants for the alleged mishandling and loss of a fund belonging to the plaintiff personally.

"II. To state separately the two causes of action which are jumbled in the second cause of action, to wit:

"(a) The alleged negligent and reckless management of the affairs of the Sumter Trust Company, whereby there is alleged to have been lost a fund in which the plaintiff only had a beneficial interest for life with remainder or reversion to other parties, and for which she is not shown to be the proper custodian.

"(b) The alleged negligent and reckless management of the affairs of the Sumter Trust Company, whereby there is alleged to have been lost a fund belonging to the plaintiff individually.

"M. M. Weinberg,

"Epps & Levy,

"R. O. Purdy,

"Attorneys for the Defendants, except the Bank and the Receivers."

(It is stated in the record that the above order was served July 29, 1932.)

This motion was heard by Judge Dennis by consent of counsel who, upon due consideration of the same, issued the following order:

"Order

"This matter was noted to be heard before his Honor Judge Philip H. Stoll, but by consent of counsel, the same was heard by me in open Court.

"This is a motion to require the plaintiff to state separately the two causes of action, which are jumbled in the first cause of action in the complaint, and also to state separately the two causes of action which are jumbled in the second cause of action stated in the complaint.

"After hearing argument, I am of the opinion that the motion should be granted.

"It is therefore ordered, that the plaintiff amend her complaint by stating separately the two causes of action which are jumbled in the first cause of action, to wit:

"(a) A cause of action against the defendants for the alleged mishandling and loss of a fund in which the plain-

tiff had only a beneficial interest for life with remainder or reversion to other parties, and for which it is not shown that she is the proper custodian.

"(b) A cause of action against the defendants for the alleged mishandling of a fund belonging to the plaintiff personally.

"And also to separate the two causes of action which are jumbled in the second cause of action, to wit:

"(a) The alleged negligent and reckless management of the affairs of the Sumter Trust Company, whereby there is alleged to have been lost a fund in which the plaintiff only had a beneficial interest for life with remainder or reversion to other parties, and for which she is not shown to be the proper custodian.

"(b) The alleged negligent and reckless management of the affairs of the Sumter Trust Company, whereby there is alleged to have been lost a fund belonging to the plaintiff individually.

"After service of the complaint as so amended, the defendants shall have twenty days within which to reply, demur or otherwise plead thereto."

After the lapse of time, above stated, counsel for the defendants gave notice to the plaintiff's counsel, in September, 1933, that they would move before the Court to have the complaint dismissed upon the ground that the plaintiff had failed to serve the amended complaint as required by Judge Dennis' order. That notice, omitting formal parts, reads as follows:

"You are hereby notified that the defendants will move before His Honor, Judge M. M. Mann, in open Court at Sumter, South Carolina, at ten o'clock, A. M., on Tuesday, October 3, 1933, or as soon thereafter as counsel can be heard, for an Order dismissing the Summons and Complaint in the above styled cause on the ground that the plaintiff has failed to comply with the order heretofore made and filed in this cause by his Honor, Judge E. C. Dennis, re-

quiring the plaintiff to amend her complaint by stating separately the causes of action jumbled therein."

In connection with the above notice, there was also served the following supporting affidavit:

"Personally appeared R. D. Epps, who being duly sworn, deposes and says:

"I am one of the attorneys representing the defendants in the above styled cause, and as such have had charge of the handling of this case.

"The Complaint originally contained four causes of action which were jumbled into two, and upon a duly noted motion His Honor, Judge E. C. Dennis, made and filed with the Clerk of Court for Sumter County on October 28, 1932, his order requiring the causes of action set forth in the complaint to be stated separately in an amended complaint.

"On October 28, 1932, deponent then mailed, with proper postage prepaid to Messrs. Melton & Belser, Attorneys for the Plaintiff, and addressed to them at Columbia, South Carolina, a letter as follows:

" 'In Re: Elizabeth White v. H. J. Harby, et al.

" 'Gentlemen:

" 'This is to notify you that His Honor, Judge E. C. Dennis has on this the 28th day of October, 1932, filed with the Clerk of Court for Sumter County his order requiring the causes of action set forth in the complaint in the above stated case to be separately stated, and the complaint thus amended served upon the undersigned. We are enclosing herewith a copy of said order for your convenience.

" 'Very respectfully,

" 'EPPS & LEVY,
" 'By R. D. EPPS.'

"Deponent enclosed in said letter a copy of said order.

"That promptly thereafter, deponent received in the mail a letter from the plaintiff's attorney as follows:

" 'October 29, 1932.

" 'Messrs. Epps & Levy,
   " 'Attorneys at law,
    " 'Sumter, S. C.
" 'In re: Elizabeth White vs. Harby, et al.
' 'Dear Sir:

  " 'We acknowledge receipt of your letter of the 28th in the above matter, the contents of which have been noted.

               " 'Very truly yours,

                     " 'MELTON & BELSER,
                     " 'By IRVINE F. BELSER.'

"That although nearly eleven months have elapsed, the attorneys for the plaintiff have not served deponent with any amended complaint, and deponent is informed by the other attorneys representing the defendants, and believes the same to be true, that they have not been served with the said amended complaint, and deponent is informed and believes that none of the defendants have been so served.

"That it is of vital importance to the defendants that this case be promptly tried, as the matters complained of in the complaint occurred many years ago, and a number of the defendants are advanced in years, the witnesses who must necessarily appear in their behalf are being scattered, and as the Court well knows, the defense is made much more difficult by the long lapse of time, and the interests of the defendants, in deponent's honest opinion, have been greatly injured by the failure of the attorneys for the plaintiff to amend and serve the complaint as required by the Court.

                           "R. D. EPPS.

"Sworn to before me this 23rd day of September, 1933. Louline Jones [LS], Notary Public for S. C."

Counsel for the plaintiff, at the hearing on said motion and in opposition thereto, presented the following affidavit:

"Personally appeared before me Irvine F. Belser, who being duly sworn deposes and says:

"That he is one of the attorneys for the plaintiff in the above entitled action and has been in active charge of the handling of the case.

"That the order heretofore made in the above case by the Honorable E. C. Dennis and dated on October 26, 1932, requiring the amendment of the complaint and the separate statement of the causes of action, did not provide any limitation of time within which the said amended complaint should be served, and that deponent knows of no rule of law or practice which prescribes any particular time under the circumstances of this case within which the said amended complaint should have been served.

"That moreover at the time of the service of the original complaint herein there was then about to be instituted a suit for the removal of the People's State Bank of South Carolina as Trustee under the will of Anthony White, which Bank was then in the hands of Receivers, and the substitution of the plaintiff Elizabeth White as such Trustee, that this fact was shown in the original complaint itself, that it was necessary for this proceeding for a new Trustee to be completed before the amended complaint could be served or the order complied with, and the said order requiring the service of the amended complaint was made in contemplation of this situation.

"That the failure of the plaintiff to file and serve the amended complaint was due partly to the fact that it took several months to complete the said proceeding for the appointment of the new Trustee under the will of Anthony White, and partly to the fact that deponent was extremely busy thereafter almost continuously, that in addition to his ordinary private practice deponent has during said period been handling for the State of South Carolina three difficult and long drawn out rate cases, one against the Broad River Power Company, one against the Carolina Power & Light Company, and another against the Southern Bell Telephone and Telegraph Company; that furthermore there

has been pending another case in the Court of Common Pleas for Sumter County, namely the case of Winn v. the same defendants, involving very much the same questions of law and fact, and deponent has considered it to the interest of all parties concerned not to press this suit until the principle of law applicable should have been finally determined by the Supreme Court of South Carolina, and that the said case was argued orally before the South Carolina Supreme Court at the October, 1933, term (171 S. C., 301, 172 S. E., 135).

"That defendants' counsel never previous to the notice of * * * September 1933, called upon deponent for the service of the amended complaint or made any suggestion either orally or otherwise that the said amended complaint should have been served, and that shortly after the service of the said notice, to wit, on September 30, 1933, deponent did prepare and serve upon defendants' counsel a copy of the amended complaint, amended as deponent conceives and served in accordance with Judge Dennis' order.

"That as deponent is informed and believes plaintiff in this case has a valid and meritorious case against the defendants for the loss of trust funds amounting to several thousands of dollars; that in a substantially similar case, to wit, the case of United States Fidelity & Guaranty Company against the same defendants, the defendants have already been held liable and required to pay approximately $10,000.00 for the loss of trust funds [see *Strauss v. U. S. Fid. & Guaranty Co.* (C. C. A.), 63 F. (2d), 174], that defendants have suffered no real injury by reason of the delay in service of the amended complaint, that they have had and now have an opportunity to perpetuate their testimony at any time they see fit; that it would be a great hardship upon the deponent's client to dismiss the complaint under these circumstances, and that deponent believes that the said defendant's motion should be refused.

"IRVINE F. BELSER.

"Sworn to before me this 17th day of October, 1933. Valeria Brown [L.S.], Notary Public for S. C."

This motion was heard before his Honor, Judge M. M. Mann, on the record in the cause, including the above-mentioned notices and affidavits, and upon due consideration of the facts presented in the case his Honor, Judge Mann, held that the defendants were entitled to have the said motion granted and, in the exercise of his discretion, issued an order dismissing the complaint. As stated, from this order the plaintiff has appealed to this Court.

In the notice of motion to dismiss, it was stated that the motion would be based upon the ground that the plaintiff had failed to comply with the said order made and filed in the cause by Judge E. C. Dennis, requiring the plaintiff to amend her complaint by stating separately the causes of action jumbled therein. The complaint contained two causes of action and the order of Judge Dennis required the plaintiff to state separately the causes of action jumbled under each of the causes mentioned. The said notice to dismiss the summons and complaint did not state in what particular the said order of Judge Dennis was not complied with, and there was no motion made by plaintiff's counsel to require the defendants to state in what particular the order of Judge Dennis was not complied with. It appears from the record, however, that at the time of the serving of the notice to dismiss the summons and complaint the plaintiff had not served any paper of any nature purporting or intended as a compliance with Judge Dennis' order. After the service of this notice to dismiss upon plaintiff's counsel the plaintiff did serve what is styled an amended complaint, and this was before Judge Mann when the motion to dismiss was heard. In the order issued by Judge Mann in the cause his Honor, Judge Mann, stated, "This matter comes on before me in open Court upon a duly noted motion on behalf of the defendants, to dismiss the summons and complaint in this case on the ground that the plaintiff has failed to com-

ply with the Order of His Honor, Judge E. C. Dennis, which was filed on October 28, 1932, requiring the plaintiff to amend her complaint by stating separately the causes of action jumbled therein," and further stated that after hearing argument his Honor was of the opinion that the motion should be granted. Therefore, it appears that his Honor held, in effect, that the plaintiff had not complied with Judge Dennis' order in amending the said complaint as required.

As appears from the above record, the order of Judge Dennis, which was promptly served after the same was issued, bears date October 26, 1932, and the paper served as the amended complaint bears date September 30, 1933. In the order issued by Judge Mann, his Honor held that the plaintiff should have complied with the order of Judge Dennis within 20 days after notice of the same; that 20 days was a reasonable time within which to comply with said order, and, further, under the facts of the case, having failed to comply with the order within the said period of 20 days the Court, within the exercise of its discretion, would grant the motion to dismiss the summons and complaint. In the said order of Judge Mann, his Honor calls attention to the nature of the charges made in the complaint against the defendants, and held that the defendants were entitled to a prompt hearing on those charges. His Honor also calls attention to the advanced age of a number of the defendants and mentioned that three of them had died since the closing of the Sumter Trust Company, and that the delay occasioned by the failure of the plaintiff's attorneys to promptly comply with the said order of Judge Dennis had seriously injured the interest of the defendants. In this connection this Court takes judicial notice of the fact that since the hearing of the appeal in this Court another of the defendants, Honorable R. O. Purdy, former Judge of the Circuit Court, of this State, has died.

As bearing on the question of time within which the order of Judge Dennis should have been complied with, we

call attention to Rule 62 of the Circuit Court, which reads as follows:

"Time for complying with orders.—In all cases where a motion shall be granted on payment of costs or *on the performance of any condition,* or where the order shall require such payment or performance, the party whose duty it shall be to comply therewith shall have twenty days for that purpose unless otherwise directed in the order, but where costs to be adjusted or to be paid the party shall have fifteen days to comply with the order after the costs shall have been adjusted by the Clerk on notice unless otherwise directed." (Italics added.)

It is our opinion, under this rule, attention being called to the italicized words, it was the duty of the plaintiff, in the absence of a time being stated in the order of Judge Dennis, to comply with said order within 20 days' time. Of course, the plaintiff had the right to procure an order in the meantime extending the time to comply if additional time was needed, and having failed to ask the Court for additional time, and having failed, also, to get a written agreement with counsel for an extension of time to serve the required amended complaint, it was within the discretion of Judge Mann, when his Honor heard the matter, to dismiss the summons and complaint for having not served the required amended complaint within the said 20 days.

In this connection we call special attention to the cases of *Long v. Hunter,* 48 S. C., 179, 26 S. E., 228; *Savage v. Sanders,* 51 S. C., 495, 29 S. E., 248; and *McLeod v. American Publishing Company,* 131 S. C., 15, 127 S. E., 212; and *Brown v. Easterling,* 59 S. C., 472, 38 S. E., 118. Clearly, the defendants were within their rights in moving to dismiss the said summons and complaint upon the grounds referred to above and we cannot hold, under the record in the case, that his Honor abused his discretion in granting the said motion.

Therefore, I think the order appealed from should be affirmed.