## BROWN v. EASTERLING.

1. *McMillan* v. *Call,* 2 S. C., 390, *overruled.*
2. *Williams, Black & Co.* v. *Connor,* 14 S. C., 621, and *Bomar* v. *R. R.,* 30 S. C., 450, *distinguished from this case.*
3. Code, 348, 349, *construed.*
4. Practice—Circuit Judge—Pleadings—Service.—A succeeding Circuit Judge has no power to permit a plaintiff to serve his amended complaint after expiration of time therefor set out in order sustaining a demurrer and granting him such leave, made in open Court, although counsel did not know the provisions of the order.

Before Hon. J. H. Hudson, special Judge, Barnwell, March, 1900. Reversed.

Action on contract by Jennie H. Brown against Annie P. Easterling. Defendant demurred. Demurrer sustained, but plaintiff allowed to serve amended complaint in twenty days. Having failed to serve such complaint in time, she moves the succeeding Judge on following affidavits to grant her this permission:

"Personally came J. J. Brown, who says on oath that he was and is the attorney of record in the above cause, and had associated with him Robt. Aldrich, Esq. That when the complaint was read by deponent at the November term,

1899, of this Court at Barnwell, an oral demurrer was interposed by defendant's attorney, and the oral demurrer was sustained. The Judge, however, held that plaintiff was entitled to amend her complaint, against the protest and arguments of defendant's counsel. That while it was proper and right that the order allowing plaintiff to amend her complaint should have been drawn by plaintiff's attorney, the defendant's attorney undertook to prepare the order, the Judge refusing to sign the first order, drawn by plaintiff's attorney, and requiring such changes therein before signature as had been stated in rendering his decision. That no time for amending and serving the amended complaint had been spoken of by his Honor, or fixed or alluded to, and it being something wholly unusual and out of place for the defendant's attorney to fix the time in which a plaintiff should prepare and serve an amended complaint, the deponent was totally and wholly surprised when he undertook to serve the amended complaint, to be informed by defendant's attorney that the time was past, and more than twenty days had expired. That the associate of deponent, Robt. Aldrich, had requested deponent to allow him to see the amended complaint before it was served. That deponent had prepared the amended complaint and was ready to serve it when he submitted it to his associate. That the time was soon after the end of the November term of Court, but the said Robt. Aldrich was engrossed in the business usually accumulating immediately after the term, the preparation for the Supreme Court, and the regular session of the legislature, so that he could not give the matter immediate attention, and for some days the service of the amended complaint was delayed. That this deponent went to said Robt. Aldrich five or six times, requesting him to examine the amended complaint, so that it might be forthwith served and possibly a trial be had at the extra term to be held in February. That deponent was satisfied his associate could not give that deliberate and careful attention as was necessary under the circumstances to the amended complaint, and

he, therefore, awaited with impatience the opportunity for proper investigation. If this deponent had known that any time had been fixed in the order for amending and serving the said complaint, he would not have hesitated to serve it, but he was totally ignorant of any time being fixed, it being unusual, almost without precedent, and likely to take the party to whom the pleading belonged by surprise. Deponent further says he is very anxious to try the case, and has been since it has been on the calendar. That only his client is being injured or damaged by delay, the plaintiff claiming that the defendant is in possession of her rights and property without paying for them, and that plaintiff will be ready and insist on trial at the ensuing March term of this Court. J. J. Brown, Plaintiff's attorney. Sworn to before me this 23d day of February, 1900. W. Gilmore Simms, [L. S.] C. C. P."

"Before me personally appeared Robt. Aldrich, Esq., who, being duly sworn, deposes and says: That he is associated with J. J. Brown, Esq., as plaintiff's attorney herein. That the case was called for trial at the November term of this Court, and proceeded with. An oral demurrer was interposed by defendant's attorney, and the same was sustained by the presiding Judge, his Honor, D. A. Townsend, and the plaintiff was allowed to amend her complaint by the ruling of the Judge. That there was nothing said by the Judge as to the time in which the amended complaint was to be served, and it constituted no part of the ruling of the Judge in the discussion of the motion to be allowed to amend. That immediately after the adjournment of the November term of Court deponent became very much engrossed in the business of his office, which is busiest at that season, as attorney for the bank and two railroads, and in getting ready for the Supreme Court, in which he had five appeals, and preparing to go to the legislature, of which he is a member; and accordingly when his associate, Col. Brown, brought him the amended complaint to read and consider, which he did a short time after the adjournment of the No-

vember term, deponent, not supposing there was any need
for expedition in the matter, laid it by for more urgent
matters. Finally, when he did get an opportunity to read
and consider it, 'and turned it over to Col. Brown for service,
he was shocked to learn that defendant's attorney claimed
that it came too late, as the order allowing the amendment
limited the time in which it should be served to twenty days
from the date of the order. That this deponent does not
remember being in Court when the order was signed; does
not remember to have heard it read, and took his impres-
sions of it from the rulings of the Judge upon the motion to
amend, in which nothing was said about time. That the
failure to serve the complaint within the time was due to the
facts as stated, and operates as a surprise to plaintiff's attor-
neys, and they respectfully submit herewith a case of ex-
cusable neglect. That nothing is lost to defendant by delay
of plaintiff, and the plaintiff is very anxious to try the case,
and will do so at the next term of Court, if allowed to serve
her complaint as deponent is informed. Robt. Aldrich,
Plaintiff's attorney. Sworn to before me this 23d day of
February, 1900. W. Gilmore Simms, [L. s. ] C. C. P.''

From order permitting plaintiff to file an amended com-
plaint after expiration of time provided therefor, the de-
fendant appeals.

*Mr. J. O. Patterson,* for appellant, cites : *Discretion exer-
cised by Judge in permitting the amendment and imposing
terms cannot be disturbed, unless it deprives a party of a
substantial right:* 9 S. C., 334 ; 18 S. C., 305 ; 26 S. C., 474 ;
31 S. C., 588 ; 32 S. C., 57 ; 28 S. C., 181. *Upon failure to
serve amended complaint, defendant had right to enter
judgment against plaintiff:* 30 S. C., 451 ; 31 S. C., 427.

*Messrs. J. J. Brown* and *Robert Aldrich,* contra, cite:
*Judge Hudson had the authority to grant further time:* 25
S. C., 390 ; 30 S. C., 458 ; 31 S. C., 428 ; Code, 195.

March 13, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This action came on for hearing before his Honor, Judge Townsend, at the November term of the Court of Common Pleas for the county of Barnwell, in the year 1899. At the hearing, the defendant demurred to the complaint upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained by an order bearing date 21st November, 1899, in which it was further ordered, "that the plaintiff have leave to amend her complaint as she may be advised, and that the said amended complaint be served upon the defendant within twenty days from this date (21st November, 1899), and that the defendant have twenty days thereafter in which to serve her answer thereto." The amended complaint was not served within the time allowed for that purpose; and, so far as appears from the record before us, no further action was taken in the matter until the 23d of February, 1900, more than two months after the expiration of the time limited for the service of the amended complaint. On that day the plaintiff gave notice of a motion, based upon certain affidavits, which are set out in the "Case," and upon the pleadings and proceedings in the cause, that she would, at a time and place stated, move "for an order allowing the plaintiff to serve her amended complaint on the defendant, and such other and further relief as may be just and proper." These affidavits referred to in the notice were made by J. J. Brown, Esq., the attorney of record for the plaintiff, and by Robert Aldrich, Esq., who had been brought in as assistant counsel for the plaintiff, and should be incorporated by the Reporter in his report of the case. This motion was heard on said affidavits and the pleadings and proceedings in the cause by the honorable J. H. Hudson, while holding a special term of the Court of Common Pleas for the county of Barnwell as a special Judge, duly appointed for that purpose, and "after hearing Messrs. Aldrich and Brown for the motion and

Mr. Patterson ·contra," he granted an order bearing date
the 2d March, 1900,. "that the plaintiff have five days from
this date to serve her amended complaint on the defendant,
and that defendant have twenty days from the date of ser-
vice to serve her answer thereto."

From this order defendant appeals upon the following
grounds : "Because his Honor, Judge J. H. Hudson, erred
in allowing the plaintiff further time to serve her amended
complaint herein ; whereas, his Honor should have held that
the order of Judge D. A. Townsend, who granted the order
allowing such amended complaint to be served, fixed the
time in which said amended complaint should be served, and
the time having expired, his Honor, Judge Hudson, was
without authority to extend the same." The grounds upon
which the order appealed from was granted do not appear
in the "Case;" but if we are to judge from the argument
submitted here, it is now sought to sustain such order upon
the grounds : 1st. Because of the analogy afforded by cer-
tain decisions of this Court as to the right of a succeeding
Judge to extend the time allowed to put in security for costs
by an order of his predecessor. 2d. Under the provisions
of sec. 195 of the Code.

The cases cited to sustain the first ground are, first,
*McMillan* v. *McCall,* 2 S. C., 300, in which it was held by a
divided Court—the late Chief Justice Moses dissenting—
that where the plaintiff had been required by an order
of the Court, made at February term, 1870, to give
security for costs on or before the 1st day of May,
1870, or be nonsuited, which order had not been complied
with, the Court could, at the succeeding June term, make an
order, so modifying the previous order as to allow the plain-
tiff further time, until the 1st day of July, 1870, to put in
security for costs. But in the subsequent case of *Cum-
mings* v. *Wingo,* 31 S. C., 427, the decision in *McMillan* v.
*McCall* was expressly disapproved and must be regarded as
overruled. See, also, the subsequent case of *McKellar* v.
*Parker,* 29 S. C., 237.

The next case cited is *Williams, Black & Co.* v. *Conner,*
14 S. C., 621, which—as will be seen by what is said of it, in
*Cummings* v. *Wingo, supra,* as well as in *Bomar* v. *A. & S.
Railroad Co.,* 30 S. C., 450—is not in point here;
and certainly the case of *Bomar,* which is likewise
cited by counsel for respondent, does not sustain his
position—rather the contrary. All of these cases, except
*McMillan* v. *McCall,* which has been practically overruled,
establish or recognize the doctrine that where one Circuit
Judge has granted an order requiring the plaintiff to put in
security for costs, on or before a day specified, or be non-
suited, and the party fails to put in the required security for
costs within the time limited, the order then becomes a final
order, upon which judgment of nonsuit may be entered; and
that in such a case neither the same nor any other Circuit
Judge has the power to so modify the order as to allow the
plaintiff further time to put in security for costs; and the
only reason why this was allowed in the case of *Williams,
Black & Co.* v. *Connor, supra,* was because the original
order, in that case, did not direct that the plaintiff, if he
failed to put in security for costs within the time limited,
should be nonsuited, and, therefore, the order was not final,
as it did not authorize the entry of judgment of nonsuit.
It seems to us, therefore, that the analogy drawn from those
cases, is, if anything, against rather than in favor of the
plaintiff here. For, in this case, when the demurrer was
sustained, that was an end of the case, and the defendant
could have entered judgment thereon, unless the plaintiff
availed herself of the privilege, granted by Judge Town-
send's order, of serving an amended complaint within the
time limited for such purpose by said order; and having
failed to do so, the defendant could, upon the expiration of
such time, have entered judgment upon the demurrer; and
hence the order became a final order, which no other Circuit
Judge had any power to modify.

If it should be contended that the plaintiff was entitled to
the relief which she obtained by the order appealed from

under the provisions of sec. 348 and 349 of the Code, there are two conclusive answers to such a contention. 1st. The provisions of those two sections apply only to cases in which a party has failed or omitted to take any step towards *perfecting his appeal,* within the time prescribed for such purpose, when he may, under sec. 348, apply to the Circuit Judge *"who heard the cause,"* or to any Justice of the Supreme Court, to have such time "extended." But here the plaintiff was not seeking to repair any default in taking any step towards *perfecting her appeal,* for she did not appeal from the order of Judge Townsend. 2d. That section only authorizes such an application to the Judge "who heard the cause," or to one of the Justices of the Supreme Court; and this application was not made either to the Judge who heard the cause, Judge Townsend, or to a Justice of the Supreme Court. As to sec. 349, that applies only to the Supreme Court. But even if the provisions of this sec. 348 could be applied to this case, by analogy, there was still no authority for granting the order in question. In *Stribling* v. *Johns,* 16 S. C., 112, recognized in the subsequent case of *Tribble* v. *Poore,* 28 S. C., at page 570, it was held that a motion for an *extension* of the time prescribed for doing any act necessary to perfect an appeal must be made *before* the expiration of the time limited; and here the motion was not made, nor even noticed, until more than two months after the expiration of the time allowed the plaintiff to serve her amended complaint.

The next inquiry is whether the second ground upon which respondent's counsel seek to sustain the order appealed from, can be sustained, to wit: that the order was authorized by the provisions of sec. 195 of the Code. That section reads as follows: "The Court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or by an order enlarge such time; and may also, in its discre-

tion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding," &c.—the balance of the section not being pertinent to this inquiry. It is clear from this language that the object of this section was to relieve a party from two classes of defaults. 1st. Those which arise from a failure to file an answer or to do any other act within the time limited by the Code. 2d. To relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, or to supply any omission in any proceeding. It is quite certain that the first branch of the section has no application to this case, for there was no failure to do any act within *the time limited by the Code.* And it is, to say the least of it, doubtful whether the second branch of the section applies to this case, for it does not seem to be an application to be relieved from any judgment, order or other proceeding taken against the plaintiff through her mistake, inadvertence, surprise or excusable neglect, or to supply any omission in any proceeding. Her application relates only to that portion of the order of Judge Townsend requiring her to serve her amended complaint within twenty days after the date of his order. She certainly does not desire and did not move for any reversal of that order; for her sole purpose was to obtain further time within which to comply with the terms of said order. It is, therefore, more than doubtful whether sec. 195 has any application to the case. But assuming, for the sake of argument only, that it does apply, we will proceed to inquire whether she has brought herself within the provisions of that section. The order in question was granted in open Court, after argument of counsel on both sides was heard; and it is very difficult to conceive how counsel can claim to have been ignorant of the terms of the order. Indeed, the only one of the terms of the order signed by Judge Townsend, of which counsel

claimed to have been ignorant, was that requiring the amended complaint to be served within twenty days from the date of the order; and even if that provision had not been inserted in the order, the plaintiff would nevertheless have been required to serve her amended complaint within twenty days. Rule 63 of the Circuit Court reads as follows: "In all cases where a motion shall be granted on payment of costs, or on the performance of any condition, or where the order shall require such payment or performance, the party whose duty it shall be to comply therewith shall have twenty days for that purpose, unless otherwise directed in the order, &c."—the balance of the rule not being pertinent to the present inquiry. So that even if counsel did not hear the order read, or did not see it after it was signed, the law assumes that they knew that the amended complaint should be filed in twenty days. In addition to this, we understand that the public records are notice to the world, and even where a party has not, in fact, inspected such records, and has no actual knowledge of what they contain, the law presumes he has notice of their contents, and he is held to be effected by such notice. If this be so, how much more should a party and his attorney be held affected with notice of any order or other proceeding taken in the very case in which the question of notice arises. So that, assuming that the counsel for plaintiff did not actually know that the order of Judge Townsend required the plaintiff to serve her amended complaint within twenty days, the law conclusively presumes that they had notice of all the terms of that order, and they must be held bound by such notice. Most especially should this be so in the present case, for it is stated in the affidavit of Mr. Brown that the Circuit Judge refused to sign the order as drawn by plaintiff's attorney, and did sign the order as drawn by defendant's attorney, which shows that there must have been some difference between counsel as to the terms of the order; and this should have drawn the attention of plaintiff's attorney to the terms of the order which was signed.

31—59

The facts stated in the affidavits of plaintiff's attorneys for the purpose of accounting for the delay in preparing and serving the amended complaint, after the adjournment of the Court at which the order of Judge Townsend was granted, will not avail the plaintiff; for if these attorneys found that they could not prepare and serve the amended complaint within the time prescribed by the order of Judge Townsend, as well as by the rule of Court above referred to, their remedy was to apply to Judge Townsend before the twenty days expired for an extension of the time allowed; and this they failed to do. It seems to us, therefore, that even if the provisions of sec. 195 of the Code apply to this case, the plaintiff has failed to bring herself within the provisions of that section.

If it should be said that the question whether the plaintiff was entitled to relief from that provision of the order of Judge Townsend which required her to serve her amended complaint within twenty days, upon the ground of mistake, inadvertence, surprise or excusable neglect, was a question of fact exclusively for the Circuit Judge, the obvious answer is that there is nothing whatever in the "Case" which even tends to show that Judge Hudson ever considered or decided, as matter of fact, that there was any such mistake, inadvertence, surprise or excusable neglect; and we certainly cannot assume that he made any such decision; especially when we are unable to find any evidence whatever to sustain such a conclusion.

The judgment of this Court is, that the order appealed from be reversed.

MR. JUSTICE GARY *concurs in the result.*