12845

JOHNSTON v. STANDARD OIL CO. OF NEW JERSEY

(152 S. E., 176)

180

August, 1929.

*Messrs. Buist & Buist,* and *Lee & Shuler,* for appellant,

*Mr. Philip H. Arrowsmith,* for respondent.

February 26, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In this cause, on April 30, 1928, his Honor, Circuit Judge Mauldin, presiding in the Court of Common Pleas for Williamsburg County, at the instance of the defendant, made an order requiring plaintiff to amend his complaint in certain particulars, and to serve a copy of such amended complaint

on the attorneys for the defendant within twenty days from the date of the order. The plaintiff did not serve the amended complaint within the required time. Within the twenty days allowed for serving it, request was made on the part of plaintiff's counsel, because of his illness, for an extension of the time in which to file the paper, and defendant's counsel consented by letter to give "such reasonable time as is necessary in which to file your amended complaint." The amended complaint was not forwarded to defendant's counsel until August 1, 1929. Within a few days thereafter, it was returned to plaintiff's counsel on the ground that the same had not been sent within a "reasonable time," and that the great delay in offering to serve the paper showed gross negligence, laches, and indifference on the part of the plaintiff and his counsel. No request for the amended complaint was made by defendant's counsel at any time. The record seems to be silent on the matter, but since no contrary statement appears, we assume that the case remained on the calendar; and, certainly, no step was taken by the defendant to have it dismissed.

On August 22, 1929, after proper notice, plaintiff moved before his Honor, Circuit Judge Wilson, that he be allowed to file and serve his amended complaint, and the motion was granted. The Judge's order will be reported. From that order, the defendant has appealed to this Court.

It does not appear from the notice given, as to the motion to be made before Judge Wilson, that the respondent's counsel attempted to proceed under the provisions of Section 437 of the Code of Civil Procedure, 1922, but the appellant's attorneys are of the opinion that the respondent could only proceed under that section, and they have based their argument upon its terms. By its exceptions, the appellant takes these positions: (1) That the extension of time granted to serve the amended complaint expired at the latest in the fall of 1928, and from that time on the respondent was in default; (2) that the Circuit Judge could only relieve the res-

pondent from his default by the exercise of the discretionary power given by the second provision of Section 437, *supra;* (3) that the facts of this case are not covered by that second provision; (4) if the respondent's case is covered by the second provision, his motion is out of time, coming more than a year after his default; and (5) that the presiding Judge committed error by exercising his discretionary power in favor of the respondent.

We think the exceptions of the appellant, and the points made by it, involve only two questions. First, did Judge Wilson have the legal authority to make the order appealed from, and, second, if the granting of the order was discretionary with him, was there an abuse of such discretion?

After an examination of many authorities, including all those cited by the appellant in its argument, it is our opinion that the question raised as to the power of the Circuit Judge to grant the order appealed from is controlled very much by two cases heretofore decided by this Court, to which we shall refer.

In *Brown v. Easterling,* decided in 1901, 59 S. C., 472, 38 S.. E., 118, it was held, quoting the syllabus:

"A succeeding Circuit Judge has no power to permit a plaintiff to serve his amended complaint after expiration of time therefor set out in order sustaining a demurrer and granting him such leave, made in open Court, although counsel did not know the provisions of the order."

In *Kaylor v. Hiller,* 72 S. C., 433, 52 S. E., 120, decided in 1905, it was decided, quoting syllabus:

"An order permitting a party to file an answer after default of leave to answer upon conditions by a preceding Circuit Judge is an administrative order and within the discretion of the succeeding Judge to modify by permitting an answer to be filed after second default; that case is on Calendar 3 after second default does not affect it."

At first glance, it would seem that these two cases were somewhat in conflict, but we think Mr. Justice Jones, who

wrote the opinion in the *Kaylor case,* clearly and properly distinguished the determination there made from the previous holding in the *Brown case,* where Chief Justice McIver wrote the opinion of the Court.

In the *Brown case,* the defendant demurred to the complaint upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained, but the plaintiff was given the right to amend the complaint, and was required to serve such amended complaint upon the defendant within twenty days from the date of the order of the Judge. The amended complaint was not served within the time allowed for that purpose, and no further action was taken in the matter until some two months after the expiration of the time limited for the service of the amended complaint. The presiding Judge granted the motion of the plaintiff, that she be allowed further time to serve her amended complaint, but his order was reversed by the Supreme Court. Mr. Chief Justice McIver said:

"* * * when the demurrer was sustained, that was an end of the case, and the defendant could have entered judgment thereon, unless the plaintiff availed herself of the privilege, granted by Judge Townsend's order, of serving an amended complaint within the time limited for such purpose by said order; and having failed to do so, the defendant could, upon the expiration of such time, have entered judgment upon the demurrer; and hence the order became a final order which no other Circuit Judge had any power to modify."

It was also decided in the *Brown case* that the first branch of the section of the Code (then Section 195, now Section 437) had no application to the case, "for there was no failure to do any act within *the time limited by the Code.*" The Court expressed doubt as to the case coming within the second provision of that Section of the Code, which relates to certain relief within one year, but on the assumption that it might come within that provision, concluded that the

plaintiff had not shown such mistake, inadvertence, surprise, or excusable neglect as to justify discretion being exercised in her behalf.

In the *Kaylor case,* the defendant failed to answer the complaint within twenty days after the service of the summons, and later moved before Circuit Judge Watts (now Chief Justice) for leave to file an answer. The motion was granted on July 7, 1904, and defendants were given twenty days thereafter, upon payment to the plaintiff of the sum of $10.00, to answer. The defendants failed to comply with that order, and later made another motion before Judge Purdy, for leave to file answer, who allowed them five days to file answer upon the same terms imposed by the former order. On appeal to this Court, the order of Judge Purdy was sustained. Mr. Justice Jones said:

"We think Judge Purdy had the right to allow defendants to file answer after the expiration of the time fixed in the order of Judge Watts. The order of Judge Watts belongs to the class of administrative orders as distinguished from final orders. The order does not involve the merits and makes no determination which would authorize plaintiffs to have judgment against defendants; hence cases along the line of *Brown v. Easterling,* 59 S. C., 479, 38 S. E., 118, do not apply. That case held that a succeeding Circuit Judge has no power to permit the plaintiff to serve an amended complaint after expiration of the time prescribed therefor, in an order sustaining the demurrer to the complaint and granting leave to serve an amended complaint. *The judgment on demurrer was a determination of the merits and authorized dismissal of the complaint, upon failure to comply with the terms offered."* (Italics added.)

We conclude that the case at bar comes more within the holding in *Kaylor v. Hiller,* than it does in the case of *Brown v. Easterling.* The appellant here did not demur to the complaint, as was done in the *Brown case.* It was not decided by Judge Mauldin, as was held in the

*Brown case,* that the plaintiff had stated no cause of action. The motion in this case was to make the complaint more definite and certain. The order of Judge Mauldin recognized, and the appellant's motion conceded, that the plaintiff did state a cause of action. The order did not contain a provision that failure on the part of the plaintiff to file the amended complaint would operate as a dismissal of his cause. No order of dismissal was taken, and the case remained in the Court, subject to any proper order which might be made therein. The order in this case was, therefore, not final. We decide, therefore, under the authority of the *Kaylor case,* that Judge Wilson had the power to make this order.

Speaking of the term "abuse of discretion," Mr. Justice Gage has said this:

"In the nature of the case, then, there must be latitude in which the judicial discretion may move; and that means a hard and fast rule for the exercise of discretion cannot be stated." *Bishop v. Jacobs,* 108 S. C., 49, 93 S. E., 243.

This Court has repeatedly held that we will not disturb a ruling made by a Circuit Judge, when the matter is one within his discretion, unless it plainly appears that as a matter of law such discretion was erroneously exercised.

We find no good reason for disturbing the order of Judge Wilson, on the ground that he has not properly exercised the discretion allowed him.

The disagreement between the attorneys in this case has been brought about by the same cause which usually occasions such disagreements of a like character between lawyers representing adverse interests—the failure to have a definite agreement as to the filing and service of papers when lawyers desire to extend courtesies. The term "reasonable time" is very indefinite. A proper application of its meaning may depend upon many circumstances. An attorney seeking indulgence may conceive the time meant to be given to extend much further than the one who is granting the extension

thinks it covers. At some bars, the practice is when an attorney has granted to his brother attorney an extension of time for a "reasonable time," that the giver of the extended time, when he thinks the "reasonable time" for compliance has about arrived, should call upon the opposing counsel for compliance within a stated time. This appears to us to be a proper practice when attorneys have made an indefinite agreement, such as was made in this case. We may say in passing, however, that it will save both attorneys and Courts much trouble if the members of the bar, in matters of this kind, will make a certain and definite agreement so there can be no question as to the favors extended.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER, concur.