20135

Billy Gene BROWN, Appellant, v. V. C. REYNOLDS et al., Respondents

(221 S. E. (2d) 896)

*Thomas F. McDow, Esq.,* of *McDow & McDow,* Rock Hill, *for Appellant,*

*Edward M. Jackson Esq.,* of *Jackson & Leader,* Rock Hill, *for Respondents.*

Dec. 29,1975.

LITTLEJOHN, Justice:

On October 17, 1972, the plaintiff purchased a camper-trailer from the defendants. Thereafter, in September 1973,

the defendants went upon the premises of the plaintiff and took possession of the trailer on the theory that the plaintiff was behind with his payments. This action was commenced January 15, 1974, by the plaintiff, seeking actual and punitive damages from the defendants for the alleged conversion of the trailer. At the end of the plaintiff's presentation of evidence, the trial judge granted to the defendants a nonsuit. Plaintiff has appealed.

The contract to buy and sell was an oral one. The defendants were to keep possession of the trailer until the plaintiff paid half of $629.52, which was the purchase price. Payments were made and written receipts issued as follows:

| Date | Payment | Balance |
|---|---|---|
| 10-17-72 | $ 50.00 | $579.52 |
| 10-20-72 | 50.00 | 529.52 |
| 11-4-72 | 25.00 | 504.52 |
| 2-12-73 | 25.00 | 479.52 |
| 3-3-73 | 25.00 | 454.00 |
| 4-10-73 | 129.50 | 300.02 |
| | $329.50 | Total of payments. |

On April 13, 1973, plaintiff was given possession of the trailer and a bill of sale executed by the defendants. This bill of sale reflected "Total Sale Price $629.00; By Cash $329.00; Balance Due $300.00." It is not clear from the record, but apparently the parties applied for, and procured, a title (similar to that issued for automobiles), which reflected title in the plaintiff with a lien in favor of the defendants. After the payments reflected hereinabove, the plaintiff made one additional $25.00 payment in July 1973.

All parties agree that there was still owing the sum of $275.00 on the day of the repossession. It is the contention of the plaintiff that payments in the amount of $25.00 per month were to be made, and that payments equaling more

than that due in 14 months had been made to the defendants such that, according to the terms of the agreement, payments had been made well in advance. On the other hand, it is the contention of the defendants that payments in the amount of $25.00 were to be made each month after delivery of the trailer. If this contention is true, then the plaintiff was delinquent. On the other hand, if the plaintiff's version is correct, there was no delinquency on the day of the repossession.

The first issue which we must decide is whether the evidence of the plaintiff supports the contention hereinabove indicated. If so, a nonsuit should not have been granted.

It is academic that on a motion for a nonsuit, the evidence and all reasonable inferences to be drawn therefrom are to be considered in the light most favorable to the plaintiff. It is not the province of the court to weigh the testimony, but only to determine if there is any relevant competent evidence reasonably tending to establish the material elements of the plaintiff's case. If more than one reasonable inference can be drawn, or if the inferences to be drawn from the evidence are in doubt, a jury issue is created. *Chaney v. Burgess,* 246 S. C. 261, 143 S. E. (2d) 521 (1965).

A review of the record convinces us that one reasonable inference to be drawn from the whole of the testimony is that only $25.00 was due each month, in which case there would be no delinquency at the time of repossession. This being true, it was error to grant the nonsuit.

Inasmuch as a new trial must be held, we proceed to rule on one additional issue raised by counsel for the plaintiff. It is submitted that even if the plaintiff were in arrears, repossession of the trailer was not procured lawfully. On this issue, we are of the opinion that the evidence is susceptible of more than one reasonable inference. The wife of the plaintiff, who was present on the premises at the time of the repossession, testified that she did not consent to the de-

fendants' taking of the property. She stated that she asked them to wait until her husband was at home. She also testified that the defendants had no claim and delivery papers and that "there wasn't much I could do" to keep them from taking the trailer.

Counsel for the plaintiff, in his brief, argues that we should take into consideration the Uniform Commercial Code, Title 10.9, Code of Laws of South Carolina (1962), and/or the South Carolina Motor Vehicle Sales Finance Act, Code § 46-150.31 *et seq.* Inasmuch as these sections were not submitted to the lower court in connection with the trial and the rulings of the judge, we intimate no thought relative to the applicability. Counsel is at liberty to pursue these matters on a retrial.

We conclude that a nonsuit should not have been granted and, accordingly, the lower court is

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.