20411

Frank D. SALTERS, Appellant, v. COMMERCIAL CREDIT
CORPORATION, Respondent.

(234 S. E. (2d) 491)

440

*Carlisle Bean & Hines,* of Spartanburg, *for Appellant,* ▮

*Messrs. Butler, Means, Evins & Browne,* of Spartanburg, *for Respondent,*

April 21, 1977.

Lewis, Chief Justice:

This action was brought by appellant to recover damages allegedly sustained from the failure of respondent to provide certain promised retirement benefits. Appellant sought damages for, among others, respondent's failure to maintain certain insurance coverage for hospital, drug and medical expenses which, it was contended, respondent agreed to furnish for appellant's benefit until he reached the age of 65. The lower court held that there was no evidence to sustain appellant's right to recover for a failure to provide the alleged insurance protection and granted an involuntary nonsuit as to this element of damage. This appeal is from that ruling.

Appellant, born May 1, 1922, was employed by respondent Commercial Credit Corporation for a period of approxi-

mately twenty (20) years until his retirement for disability reasons on November 1, 1969, at the age of 47. On January 23, 1970, respondent addressed a letter to appellant outlining certain retirement benefits to which appellant was entitled. Pertinent here, the letter stated:

"Group Hospital insurance will be continued for you just as if you were an active employee until you reach age 65. Upon your reaching age 65, your hospital insurance will be cancelled since you will then be eligible for coverage under the Medicare Program of Social Security. The company will pay the full premium for your continued hospital insurance coverage.

\* \* \*

"The coverage provided for you and your eligible dependents under the hospital plan is the exact same coverage that would be available if you were actively employed."

The foregoing hospital insurance coverage was furnished and maintained by respondent through a group policy procured from American Health and Life Insurance Company, a wholly owned subsidiary of respondent's parent company. Benefits were paid to appellant until sometime in 1974, when it was discontinued upon appellant's notification by the Social Security Administration that he was eligible for Medicare benefits.

The insurance coverage for appellant was discontinued by respondent because of its position that its duty to provide such coverage was governed by the terms of the group policy issued by American Health and Life Insurance Company and the insurance company terminated the policy because of a policy provision that automatically terminated coverage upon the insured becoming eligible for Medicare benefits or reaching the age of 65 years. These policy provisions are as follows:

"The insurance described herein of any insured person shall terminate automatically upon the occurrence of any of the following events:

\* \* \*

"C.  his eligibility for benefits as provided under Title XVIII of Social Security Act as amended (Medicare) ;

"D.  as to an employee,

(1)  termination of his employment in the class or classes of employees insured under the policy, or

(2)  his attainment of sixty-fifth anniversary of his date of birth."

Although notified that he was eligible, appellant declined to apply for Medicare benefits and, upon the termination of his insurance coverage, he instituted this action against respondent to recover damages sustained from the failure to continue the hospital insurance protection. Upon the trial, respondent's motion for a nonsuit as to that element of damage was granted upon the ground that the policy under which apellant was insured terminated when he became eligible for Medicare and that any claim of appellant should have been made against the insurance company and not against respondent.

Appellant contends that there was evidence to sustain an enforceable contract requiring respondent to provide hospital, medical and drug insurance coverage until appellant attains the age of sixty-five (65). We agree.

Appellant was retired for *disability reasons*. "Under the employment and retirement arrangements, appellant was entitled to the same hospitalization, medical and drug insurance coverage as respondent furnished to its active employees." Respondent agreed to continue such group hospital insurance "just as if you were an active employee until you reach the age 65."

Irrespective of other possible interpretations, the testimony supports a reasonable inference that respondent agreed to provide the same hospital, drug and medical insurance protection for appellant, until he reached 65, as was provided for respondent's active employees, notwithstanding the fact that appellant had retired for disability reasons; and that this

agreement was enforceable irrespective of the provisions of the policy of insurance actually procured by respondent. In other words, this action is not to recover under a particular insurance policy but is one to recover damages for the alleged breach of an agreement by respondent to maintain the agreed insurance coverage for appellant until he reached the age of sixty-five (65). There was evidence to sustain such cause of action and the lower court was in error in granting the nonsuit.

The judgment under appeal is accordingly reversed and the cause remanded for a new trial.

RHODES and GREGORY, JJ., concur.

LITTLEJOHN and NESS, JJ., dissent.

I respectfully dissent. I agree with the majority that "this action is not to recover under a particular insurance policy but is one to recover damages for the alleged breach of an agreement by respondent to maintain the agreed insurance coverage for appellant until he reached the age of sixty-five (65)." Appellant has simply failed to establish the material elements of his case. *Brown v. Reynolds,* 266 S. C. 41, 44, 221 S. E. (2d) 396 (1975).

The only testimony presented to the trial court was that under "the employment and retirement arrangements, appellant was entitled to the same hospitalization, medical and drug insurance coverage as respondent furnished its active employees." (Tr. p. 5, f. 19). The group policy employee coverage terminates automatically upon eligibility for Medicare benefits. It is, therefore, uncontested that any active employee's insurance benefits would be terminated concomitantly with Medicare eligibility.

The only evidence Appellant advances to establish contract insurance coverage until the age of 65 is the letter of January 23, 1970, and a telephone conversation subsequent to his retirement. The letter is nothing more than a recitation of the original retirement arrangement and specifically ex-

plains that insurance would be maintained until age 65 *just as if he was an active employee.*

Neither the letter nor the telephone conversation can conversation can constitute a new agreement. Both events occurred *after* termination of employment and would not constitute binding contracts without valid consideration, as whatever rights the Appellant had were vested when he retired in 1969.

Having failed to establish any evidence of an enforceable contract, based on a valid consideration, requiring the respondent to unconditionally furnish insurance benefits until the age of 65, I would affirm the trial court's verdict granting an involuntary nonsuit.

LITTLEJOHN, J., concurs.