20847

**GEORGIA RAILROAD BANK AND TRUST COMPANY,** Respondent, v. William C. **DOOLITTLE** and Peggy L. Doolittle, Appellants.

(252 S. E. (2d) 556)

*Franklin D. Beattie, Jr.* and *C. Wesley Smith,* Aiken, *for appellants.*

*O. Douglas Smith* of *Smith & Murphy,* North Augusta and *O. Palmour Hollis* of *Nixon, Yow, Waller & Capers,* Augusta, Ga., *for respondent.*

January 9, 1979.

GREGORY, Justice:

This appeal is from the order of the lower court foreclosing a mortgage held by respondent Georgia Railroad Bank and Trust Company [Bank] on certain real property of appellants Mr. and Mrs. Doolittle. The issue is whether any defenses available to Mr. and Mrs. Doolittle against the ori-

ginal mortgagee, Lost Wilderness, Inc., were available against the Bank, the assignee of the mortgage. The lower court found that the Bank took the note and mortgage free from any defenses available to Mr. and Mrs. Doolitttle against Lost Wilderness, Inc. We affirm.

As this is an action in equity, *Collier v. Green,* 244 S. C. 367, 137 S. E. (2d) 277 (1964), tried by the judge without a reference, we may review all the evidence to determine the facts in accordance with our own view of the preponderance or greater weight of the evidence. *Townes Assoc., Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). This broad scope of review in equity cases does not require us, however, to disregard the findings of the lower court, nor does it relieve the appellant of the burden of convincing this Court that the lower court erred. *Spries v. Higgins, S. C.,* 248 S. E. (2d) 488 (1978).

On June 16, 1974, Mr. and Mrs. Doolittle contracted with Lost Wilderness, Inc. to purchase a lot of land located in a recreational area under development by Lost Wilderness, Inc. Mr. and Mrs. Doolittle gave their promissory note and a mortgage for a portion of the purchase price to Lost Wilderness, Inc.

Lost Wilderness, Inc. assigned the note and mortgage to the Bank in accordance with the terms of a prior agreement between Lost Wilderness, Inc. and the Bank.[1]

In May 1975 Mr. and Mrs. Doolittle stopped making payments on the note and mortgage. The Bank commenced this action in May 1976 to foreclose the mortgage. Mr. and Mrs. Doolittle counterclaimed seeking rescission of the purchase agreement and the return of all monies paid.

At trial, the note and mortgage were introduced by the plaintiff Bank and admitted into evidence without objection.

---

[1] The Bank held the mortgage on the property being developed by Lost Wilderness, Inc. and under the terms of the mortgage, the Bank would release an individual lot from the mortgage in exchange for the mortgage given by the purchaser of that lot to Lost Wilderness, Inc.

Mr. and Mrs. Doolittle stipulated the amount of arrearage. The Bank presented no further evidence and rested its case.

Mr. and Mrs. Doolittle attempted to establish a defense to the note and mortgage by demonstrating that Lost Wilderness, Inc. breached the purchase agreement by failing to make certain improvements to the recreational development.

If Mr. and Mrs. Doolittle were able to establish a defense against Lost Wilderness, Inc., that defense would also be available to Mr. and Mrs. Doolittle against the Bank as a subsequent holder of the note and mortgage unless the Bank established its status as a holder in due course. Section 36-3-306, 1976 Code of Laws of South Carolina.

The lower court made no finding as to whether Mr. and Mrs. Doolittle established a defense against Lost Wilderness, Inc. choosing instead to resolve the matter by finding that the Bank was a holder in due course and, as such, took the note and mortgage free from any defenses Mr. and Mrs. Doolittle might have against Lost Wilderness, Inc. This appeal by Mr. and Mrs. Doolittle followed.

"Holder in due course" is defined in Section 36-3-302, 1976 Code, as follows:

(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

At trial the Bank offered no evidence that it took the note and mortgage from Lost Wilderness, Inc. for value, in good faith and without notice. As a result of this omission there is no evidence in the record to support the lower court's finding that the Bank was a holder in due course.

We are satisfied, however, that the lower court reached the correct result and under Rule 4, Section 8 of our Rules of Practice we may affirm upon any ground appearing in the record.

The contract of sale between Mr. and Mrs. Doolittle and Lost Wildreness, Inc. contains the following paragraph:

12. Buyer acknowledges notice that Seller may assign or grant a security interest in its rights under the aforementioned note and mortgage and that the assignee will rely on the terms of this paragraph. The assignee (which term includes the holder of a security interest) shall succeed to all of Seller's rights therein and Buyer, upon receiving notice of such assignment shall make payment as therein directed. To induce an assignee to acquire said note and mortgage, Buyer agrees that the assignee's rights shall be free of all defenses, setoffs or counterclaims which Buyer may have against Seller. The assignment shall not relieve Seller of its obligations hereunder, nor shall it be construed as being or creating an assumption of such obligations by the assignee.

The Bank argued at trial and on appeal that under the express terms of this paragraph Mr. and Mrs. Doolittle waived the right to assert against the assignee of the note and mortgage any defenses, setoffs or counterclaims available to them against Lost Wilderness, Inc. We agree. The paragraph plainly states: "Buyer agrees that the assignee's rights shall be free of all defenses, set-offs or counterclaims which Buyer may have against Seller."

Under the terms of this paragraph Mr. and Mrs. Doolittle agreed in effect that any assignee of the note and mortgage would hold the note and mortgage with rights equivalent to the rights of a holder in due course. Thus, the Bank, as assignee of the note and mortgage, was vested by the contract of sale with the right of a holder in due course to hlod the note and mortgage free from any defenses Mr. and Mrs. Doolittle might have against Lost Wilderness, Inc.

Accordingly, the order of the lower court granting judgment for foreclosure is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.