21238

Purtis HARVIN, Appellant, v. COMMERCIAL CREDIT
CORPORATION, Respondent.

(266 S. E. (2d) 789)

*Daniel Fulton,* Columbia, *for appellant.*

*J. Reese Daniel,* Columbia, *for respondent.*

May 21, 1980.

GREGORY, Justice:

Respondent Commercial Credit Corporation demurred to
the complaint of appellant Purtis Harvin. The matter was
heard before Judge Timmerman, who sustained the demur-
rer and granted appellant Harvin leave to plead over within
twenty days. He failed to do so. Some three months later

Harvin moved before Judge Doneland for permission to replead. The motion was denied and this appeal taken. We affirm.

Appellant contends it was error to deny his motion to be allowed to plead over, asserting the only limitation imposed upon him as to time is the statute of limitations applicable to his claim. For this proposition appellant relies on *Hennegan v. Atlantic Coast Line R. Co.,* 211 S. C. 357, 45 S. E. (2d) 331 (1947). As his reliance is misplaced, this contention is without merit.

In the case of *Brown v. Easterling,* 59 S. C. 472, 38 S. E. 118 (1901), which is on all fours with the instant case, a demurrer was sustained and the plaintiff given leave to amend the complaint within twenty days. She failed to do so, and on subsequent motion was allowed to belatedly amend. On appeal this Court reversed, holding:

[F]or in this case when the demurrer was sustained that was an end of the case, and the defendant could have entered judgment thereon, unless the plaintiff availed herself of the privilege granted by Judge Townsend's order,—of serving as amended complaint within the time limited for such purpose by said order; and, having failed to do so, the defendant could, upon the expiration of such time, have entered judgment upon her demurrer, and hence the order then became a final order, which no other circuit judge had any power to modify.

38 S. E. at 121.

What distinguishes *Brown* from appellant's authority, *Hennegan* is that in *Hennegan* a demurrer was sustained and the *action dismissed,* with leave to the plaintiff to commence *another* action within twenty days. This Court held under these circumstances the lower court's order amounted to a dismissal without prejudice. Accordingly, it was error to limit the plaintiff to twenty days in which to plead again, the statute of limitations being the sole limitation as to time.

Here the action was not dismissed; the lower court retained jurisdiction of the cause and granted appellant the privilege of pleading over within twenty days. That order, unappealed, became final. Hence, no other circuit judge had the power to modify it. *Brown v. Easterling, supra;* see *Johnston v. Standard Oil Co. of New Jersey,* 155 S. C. 179, 152 S. E. 176 (1930); see also *McEachern v. Wilson,* 154 S. C. 201, 151 S. E. 472 (1930).

Appellant argues the use of the phrase "leave to plead over" in Judge Timmerman's order sustaining the demurrer amounts to a dismissal of the action. No authority is cited for this proposition and we know of no reason to support it.

Although the lower court's reasoning was not that of ours expressed herein, we are satisfied the correct result was nonetheless reached on this record and, accordingly, we affirm under Rule 4, Section 8 of our Rules of Practice. *Georgia Railroad Bank and Trust Company v. Doolittle,* 272 S. C. 249, 252 S. E. (2d) 556 (1979).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.