22229

Lee WESTBURY, Respondent, v. William R. BAUER, Appellant.

(326 S. E. (2d) 151)

Supreme Court

*William R. Bauer, appellant,* Columbia, *pro se.*

*Jean L. Perrin,* Lexington, *for respondent.*

Submitted Dec. 14, 1984.

Decided Jan. 31, 1985.

GREGORY, Justice:

Appellant William Bauer appeals an order granting respondent Lee Westbury's motion for a new trial. We affirm.

This action was brought by respondent to collect an alleged debt. Appellant pled the affirmative defenses of the Statute of Frauds and the Statute of Limitations. At the conclusion of respondent's evidence, the trial judge granted appellant's motion for an involuntary nonsuit based on the Statute of Limitations.

Thereafter, respondent made a timely motion for a new trial. A notice and motion were served on appellant. Without giving appellant an opportunity to be heard, the trial judge granted a new trial, concluding he had erroneously granted the nonsuit. This appeal followed.

Appellant alleges error from the trial judges's failure to include facts in his order supporting his grant of respondent's motion. This argument is without merit.

An order for a new trial will not be reversed because it did not review the evidence relied upon. *South Carolina Hwy. Dept. v. Clarkson*, 267 S. C. 121, 226 S. E. (2d) 696 (1976). The trial judge below stated he had reviewed the transcript of record and concluded he improperly granted the nonsuit. There was no error.

Appellant next asserts the trial judge erred in granting respondent's motion for a new trial without the benefit of a hearing, or giving appellant an opportunity to be heard. We agree.

Though Circuit Court Rule 79 does not expressly state an opportunity to be heard is required prior to ruling on a motion for a new trial, such is implicit in the Rule. Therefore, we hold the *ex parte* order granting a new trial was improper. The non-moving party must be extended the opportunity to be heard on the motion.

This Court, however, may affirm a trial judge's decision on any ground appearing in the record. Supreme Court Rule 4, § 8; *State v. Johnson*, 278 S. C. 668, 301 S. E. (2d) 138 (1983). We have examined the entire record and conclude the trial judge erred in granting the involuntary nonsuit. Therefore, he reached the correct result in granting a new trial.

In a motion for a nonsuit, the trial judge must consider all evidence in a light most favorable to the plaintiff. If there is more than one reasonable inference which can be drawn from the evidence, the case must be submitted to the jury. *Dunsil v. E. M. Jones Chevrolet Co., Inc.*, 268 S. C. 291, 233 S. E. (2d) 101 (1977). The court must determine whether "... there is any relevant competent evidence reasonably tending to establish material elements of plaintiff's case." *Brown v. Reynolds*, 266 S. C. 41, 221 S. E. (2d) 396 (1975).

At trial, there was testimony of partial payment of the alleged debt which would have tolled the Statute of Limitations. The existence of a partial payment then became a question of fact for the jury. It was error to grant the motion for an involuntary nonsuit with this factual issue in dispute.

Since the nonsuit was improperly granted, the trial judge nevertheless reached the correct result; therefore, the order

granting a new trial is affirmed pursuant to Supreme Court Rule 4, § 8. *See Georgia Railroad Bank & Trust Co. v. Doolittle,* 272 S. C. 249, 252 S. E. (2d) 556 (1979).

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.