0979

Lee K. WESTBURY, Respondent v. William R. BAUER, Appellant.
(359 S. E. (2d) 515)

Court of Appeals

*Joy S. Goodwin*, Columbia, *for appellant.*

*Jean Perrin Derrick*, Lexington, *for respondent.*

Heard April 13, 1987.

Decided June 22, 1987.

GARDNER, Judge:

Lee K. Westbury (Westbury) sued William R. Bauer (Bauer) on a debt for money allegedly lent to Bauer while he was married to Westbury's daughter. From a jury verdict for Westbury, Bauer appeals; we affirm.

A divorce action between the Bauers was instituted at about the same time this suit was begun; the divorce action was tried before this suit. In the divorce action Westbury testified about gifts to the Bauers and loans to Bauer. Upon the trial of the case on hand, Bauer moved to dismiss the complaint on the grounds that the issue of his indebtedness

to Westbury was considered by the family court judge in making an equitable distribution award to Mrs. Bauer in the divorce action and that Westbury was, therefore, collaterally estopped to prosecute this action on the alleged debt. The trial judge overruled the motion.

During the trial of this case, the facts pertaining to the alleged issue preclusion (collateral estoppel) were testified to by both Westbury and Bauer. It was Westbury's testimony that only gifts were considered in the domestic case and not the loans for which he had sued for; Bauer testified that both were considered by the family court judge; portions of the record in the divorce case were introduced as evidence in this case. Collateral estoppel thus became the main issue in the trial of this case; it was, as later noted, resolved by the jury against Bauer. Bauer moved for a directed verdict on the grounds of collateral estoppel; this motion was denied. After a jury verdict for Westbury, Bauer made a post-verdict motion for judgment n.o.v. on the same grounds as the motion for directed verdict; this motion also was denied by the trial judge. Bauer appeals asserting error on the part of the trial judge in overruling his pretrial, trial and post-verdict motions based upon collateral estoppel.

The only issue presented on appeal is whether the trial judge erred in overruling the motions based upon collateral estoppel. The trial judge's reasoning for overruling the motion is not the same as the one we adopt; however, the reasoning adopted by the trial judge is not binding upon this court if the record discloses a correct result. *Goff v. Mills*, 279 S. C. 382, 308 S. E. (2d) 778 (1983). This court may affirm a trial judge's decision on any ground appearing in the record and, hence, may affirm the trial judge's correct result even though he may have erred on some other ground. *Westbury v. Bauer*, 284 S. C. 385, 326 S. E. (2d) 151 (1985).

In the case before us, Westbury had no opportunity to litigate the issue of Bauer's indebtedness to him in the divorce action; Westbury could not bring an action to collect a debt in the Family Court; this is the reason that he brought this action in the Court of Common Pleas. Whether a party adversely affected had a full and fair opportunity to litigate relevant issues effectively in a prior trial is a basic consideration in the doctrine of collateral estoppel. *See*

*Graham v. State Farm Fire & Cas. Ins. Co.*, 277 S. C. 389, 287 S. E. (2d) 495 (1982) and *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186 (Ct. App. 1984). Under this rule Bauer's motions for a directed verdict and judgment n.o.v. had no merit. And we so hold.

For the reasons stated, the judgment below is affirmed.

Affirmed.

SHAW, J., concurs.

CURETON, J., concurs in result only.