902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kerry Lee SMITH, Plaintiff-Appellant,
v.
Howard BARRETT; Frank O'Neil, Defendants-Appellees.
 No. 89-7055.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1990.
Decided April 17, 1990.
Rehearing and Rehearing In Banc Denied May 8, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joe F. Anderson, Jr., District Judge. (C/A No. 86-2257-3-17)
 Kerry Lee Smith, appellant pro se.
 George Beighley, Leslie Arlen Cotter, Jr., Richardson, Plowden, Grier & Howser, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kerry Smith filed a 42 U.S.C. Sec. 1983 complaint alleging that officers of the Richland County (S.C.) police department conducted an illegal search of his residence, illegally arrested him without a warrant, and, in the course of the arrest, subjected him to excessive force. The district court held that the search and arrest claims were collaterally estopped by the denial of Smith's motion to suppress (in his state criminal trial arising out of this incident) based on the same grounds. However, the court set the excessive force claim for trial. The jury found for defendants.
 
 
 2
 On appeal, Smith raises numerous issues relating to the dismissal of his arrest and search claims, and the jury verdict.* We have considered each of Smith's claims of error and find, with one exception, that the district court properly rejected Smith's claims at trial. However, we hold that Smith is entitled to a new trial on the excessive force claim because the district court improperly instructed the jury that defendants had to have "malicious intent" to establish excessive force, in violation of the recent decision of the Court in Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571).
 
 
 3
 At trial, defendants requested and received a jury instruction patterned on this Court's decision in Justice v. Dennis, 834 F.2d 380, 383 (4th Cir.1987) (en banc), vacated, 57 U.S.L.W. 3779 (U.S. May 30, 1989) (No. 87-1422). The requested instruction stated:
 
 
 4
 Thus, not every use of force is a constitutional violation; but, rather, only that use of force which "shocks a reasonable person's conscience because it is unjustified, excessive and unreasonable" and "appears to have been applied 'maliciously and sadistically for the purposes of causing harm' " will rise to the level of a constitutional violation.
 
 
 5
 However, in Graham the Court held that "all" claims of excessive force in the course of an arrest are to be evaluated under the Fourth Amendment and its reasonableness standard. 57 U.S.L.W. at 4516. Under this test, the inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. (emphasis supplied). Accordingly, the district court erred in giving defendants' requested "malicious intent" instruction.
 
 
 6
 One other matter merits further discussion--the propriety of the court's ruling barring relitigation of the arrest and search claims. The district court held that the ruling of the state criminal trial court denying Smith's motion to suppress barred those claims in federal court under authority of Haring v. Prosise, 462 U.S. 306 (1983), and Allen v. McCurry, 449 U.S. 90 (1980). We agree that Haring and Allen bar relitigation of such claims, but only if state law (here, South Carolina) would accord preclusive effect in this context. Haring, 462 U.S. at 313; Allen, 449 U.S. at 96. Under recent South Carolina law relating to collateral estoppel, the privity requirement has been eased and the focus is whether the party adversely affected "had a full and fair opportunity to litigate the relevant issues effectively in [the] prior trial." Graham v. State Farm Fire & Casualty Insurance Co., 277 S.C. 389, 390-91, 287 S.E.2d 495, 496 (1982); Westbury v. Bauer, 293 S.C. 224, 225, 359 S.E.2d 515, 516 (Ct.App.1987). Here, Smith had a full and fair opportunity to attack the legality of the arrest and search in his criminal trial. His lack of success is irrelevant--he had a full and fair opportunity to litigate his claim and he is barred from relitigating the same claims in later proceedings.
 
 
 7
 Accordingly, we affirm the rulings of the district court relating to claims 1-9 and 11-19, see n. *, infra, and reverse and remand for a new trial on the excessive force claim for the reasons stated. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 *
 Smith contends that: (1) the court erred in requiring an amended complaint; (2) he was entitled to the appointment of counsel; (3) he was denied his right to have his trial witnesses properly served with subpoenas; (4) the court erred in not sequestering the jury for the 21 days after jury selection but before the jury was sworn; (5) the court erred in denying a continuance; (6) the court relieved defendants of their burden to establish a good-faith defense; (7) the court erred in not forcing defendants to produce the confidential informant; (8) the court erred in not instructing the jury on defendants' burden; (9) the court erred in instructing the jury they must render a unanimous verdict; (10) the court erred in giving defendants' requested instructions; (11) the court erred in not giving his requested instructions; (12) the court erred in allowing the admission of an inventory report; (13) the court erred in barring evidence of the illegal arrest and search; (14) the court erred in not allowing Smith to conduct a demonstration for the jury; (15) the court erred in allowing defendants to question his witnesses regarding their hairstyle; (16) the court erred in denying his Fed.R.Civ.P. 60(b) motion; (17) the court erred in not recusing itself; (18) the court erred in denying his post-trial motions; and (19) he was entitled to a copy of the transcript of his trial, at government expense, to prepare his appeal